**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
**CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)**

| 1. SEE NOTICE ON REVERSE | 2. PLEASE TYPE OR PRINT | 3. STAPLE ALL ADDITIONAL PAGES |
|---|---|---|

| Case Caption: EMELIKE NWOSUOCHA, V. DONALD McKINLEY GLOVER, II, ET AL. | District Court or Agency: SOUTHERN DISTRICT OF NEW YORK | Judge: HON. VICTOR MARRERO |
|---|---|---|
| | Date the Order or Judgment Appealed from was Entered on the Docket: MARCH 24, 2023 | District Court Docket No.: 1:21-CV-04047-VM |
| | Date the Notice of Appeal was Filed: APRIL 21, 2023 | Is this a Cross Appeal? ☐ Yes  ☑ No |

| Attorney(s) for Appellant(s): ☑ Plaintiff ☐ Defendant | Counsel's Name: JOHN M. LEVENTHAL | Address: 546 5TH AVENUE, 6TH FLOOR, NEW YORK, NEW YORK 10036 | Telephone No.: (212) 486-0111 | Fax No.: (718) 921-3292 | E-mail: JUDGELEVENTHAL@AIDALALAW.COM |
|---|---|---|---|---|---|

| Attorney(s) for Appellee(s): ☐ Plaintiff ☑ Defendant | Counsel's Name: JONATHAN D. DAVIS  ALEX SPIRO  DONALD S. ZAKARIN | Address: 1 ROCKEFELLER PLAZA, SUITE 1712, NEW YORK, NEW YORK 10020  51 MADISON AVENUE, 22ND FLOOR, NEW YORK, NEW YORK 10010  7 TIMES SQUARE, 40TH FLOOR, NEW YORK, NEW YORK 10036 | Telephone No.: (212) 687-5464  (212) 849-7000  (212) 326-0108 | Fax No.: (212) 697-2524  (212) 849-7100  (212) 326-0806 | E-mail: JDD@JDDAVISPC.COM  ALEXSPIRO@QUINNEMANUEL.COM  DZAKARIN@PRYORCASHMAN.COM |
|---|---|---|---|---|---|

| Has Transcript Been Prepared? NOT APPLICABLE | Approx. Number of Transcript Pages: NOT APPLICABLE | Number of Exhibits Appended to Transcript: NOT APPLICABLE | Has this matter been before this Circuit previously? ☐ Yes ☑ No  If Yes, provide the following:  Case Name:  2d Cir. Docket No.:      Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

*ADDENDUM "A"*: COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

*ADDENDUM "B"*: COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

**PART A: JURISDICTION**

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party   ☐ Diversity  ☑ Federal question (U.S. not a party)   ☐ Other (specify): _____ | ☑ Final Decision   ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b))  ☐ Interlocutory Decision Appealable As of Right   ☐ Other (specify): _____ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**PART B: DISTRICT COURT DISPOSITION** (Check as many as apply)

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | | 3. Relief |
|---|---|---|---|
| ☑ Pre-trial<br>☐ During trial<br>☐ After trial | ☐ Default judgment<br>☐ Dismissal/FRCP 12(b)(1)<br>   lack of subject matter juris.<br>☑ Dismissal/FRCP 12(b)(6)<br>   failure to state a claim<br>☐ Dismissal/28 U.S.C. § 1915(e)(2)<br>   frivolous complaint<br>☐ Dismissal/28 U.S.C. § 1915(e)(2)<br>   other dismissal | ☐ Dismissal/other jurisdiction<br>☐ Dismissal/merit<br>☐ Judgment / Decision of the Court<br>☐ Summary judgment<br>☐ Declaratory judgment<br>☐ Jury verdict<br>☐ Judgment NOV<br>☐ Directed verdict<br>☐ Other (specify): | ☑ Damages:<br>   ☐ Sought: $ _____<br>   ☐ Granted: $ _____<br>   ☑ Denied: $ _____<br><br>☑ Injunctions:<br>   ☐ Preliminary<br>   ☐ Permanent<br>   ☑ Denied |

**PART C: NATURE OF SUIT** (Check as many as apply)

| 1. Federal Statutes | | | 2. Torts | 3. Contracts | 4. Prisoner Petitions |
|---|---|---|---|---|---|
| ☐ Antitrust<br>☐ Bankruptcy<br>☐ Banks/Banking<br>☐ Civil Rights<br>☐ Commerce<br>☐ Energy<br>☐ Commodities<br>☐ Other (specify): _____ | ☐ Communications<br>☐ Consumer Protection<br>☑ Copyright ☐ Patent<br>☐ Trademark<br>☐ Election<br>☐ Soc. Security<br>☐ Environmental | ☐ Freedom of Information Act<br>☐ Immigration<br>☐ Labor<br>☐ OSHA<br>☐ Securities<br>☐ Tax | ☐ Admiralty/<br>   Maritime<br>☐ Assault /<br>   Defamation<br>☐ FELA<br>☐ Products Liability<br>☐ Other (Specify): | ☐ Admiralty/<br>   Maritime<br>☐ Arbitration<br>☐ Commercial<br>☐ Employment<br>☐ Insurance<br>☐ Negotiable<br>   Instruments<br>☐ Other Specify | ☐ Civil Rights<br>☐ Habeas Corpus<br>☐ Mandamus<br>☐ Parole<br>☐ Vacate Sentence<br>☐ Other |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue(s)? |
|---|---|---|
| ☐ Hague Int'l Child Custody Conv.<br>☐ Forfeiture/Penalty<br>☐ Real Property<br>☐ Treaty (specify): _____<br>☐ Other (specify): _____ | ☐ Arbitration<br>☐ Attorney Disqualification<br>☐ Class Action<br>☐ Counsel Fees<br>☐ Shareholder Derivative<br>☐ Transfer | ☐ Yes   ☑ No<br><br>Will appeal raise a matter of first impression?<br><br>☐ Yes   ☑ No |

| 1. Is any matter relative to this appeal still pending below? ☐ Yes, specify: _____ | ☑ No |
|---|---|

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

    (A)    Arises from substantially the same case or controversy as this appeal?     ☐ Yes   ☑ No

    (B)    Involves an issue that is substantially similar or related to an issue in this appeal?     ☐ Yes   ☑ No

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| | | | |

| Name of Appellant: |
|---|

| Date: 05/05/2023 | Signature of Counsel of Record: |
|---|---|

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

  1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.

  2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.

  3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

      **PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C** (Rev. December 2016)

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
**CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)**

**ADDENDUM "A"**

**Description of the Nature of the Action**

Plaintiff alleges that Defendants have infringed upon his copyright in the song titled "Made in America" (the "Copyrighted Work"), which was registered with the U.S. Copyright Office on May 24, 2017. The crux of the claims in this action, brought under the Copyright Act of 1976, is that Defendants' song "This is America," released by Defendant Glover under his stage name Childish Gambino, exhibits substantial similarities to the Copyrighted Work, particularly in the rhythmic, lyrical, and thematic composition found in the chorus sections. All claims asserted in this action stem from Defendants' unauthorized copying, reproduction, distribution, public display, performance, sale, licensing, marketing, promotion, and exploitation of the Copyrighted Work without Plaintiff's consent.

Therefore, Plaintiff seeks remedies available under the Copyright Act, including preliminary and permanent injunctive relief, damages, Defendants' profits from their infringing conduct, and other monetary relief.

**The District Court's Holding Below/The Result Below**

The district court granted Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure with prejudice to leave to amend.

Specifically, the district court found that Plaintiff's copyright claim fails as a matter of law because Plaintiff does not possess a copyright registration for the musical composition of his work, but rather only a registration for a sound recording of the song. Moreover, the district court concluded that, even if Plaintiff had a copyright registration for the musical composition of his work, dismissal would be still warranted because the elements of Plaintiff's composition

purportedly infringed upon are insufficiently original to warrant protection, or because they are not substantially similar to the Defendants' challenged composition.

### Notice of Appeal & District Court Docket Sheet

Plaintiff provides the Notice of Appeal entered April 21, 2023 and the District Court's docket sheet as Exhibits A & B, respectively.

### The March 24, 2023 District Court Order

Plaintiff provides the March 24, 2023 Order of the District Court of the Southern District of New York (Marrero, U.S.D.J.) as Exhibit C.

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
                                                    :

EMELIKE NWOSUOCHA,                 :    1:21-cv-04047 (VM)
                                                    :
                     Plaintiff,     :
             v.                  :
                                                    :
DONALD MCKINLEY GLOVER, II, et al.,   :
                                                    :
                   Defendants.   :
-------------------------------------------------------------------X

## <u>NOTICE OF APPEAL</u>

     **NOTICE IS HEREBY GIVEN** that Emelike Nwosuocha, Plaintiff in the above-captioned case, hereby appeals to the United States Court of Appeals for the Second Circuit from the District Court Decision and Order, entered March 24, 2023 (ECF No. 100), and Judgment, entered March 24, 2023 (ECF No. 101), that granted the Motion to Dismiss of Defendants Donald McKinley Glover, II, Jeffrey Lamar Williams, Ludwig Emil Tomas Gransson, Kobalt Music Publishing America, Inc. d/b/a/ Songs of Kobalt Music Publishing, Sony Music Entertainment, Young Stoner Life Publishing, LLC, 300 Entertainment LLC f/k/a Theory Entertainment LLC d/b/a 300 Entertainment, Atlantic Recording Corporation, Roc Nation Publishing d/b/a Songs of Roc Nation, Songs of Universal, Inc., and Warner-Tamerlane Publishing Corp. with prejudice to leave to amend. This appeal is taken from each and every part of the March 24, 2023 Decision and Order

Dated: New York, New York
      April 21, 2023

Respectfully submitted,

**AIDALA, BERTUNA & KAMINS, P.C.**

By:   /s/ Imran H. Ansari
      Imran H. Ansari, Esq.
      546 Fifth Avenue, 6th Floor
      New York, NY 10036
      T: (212) 486-0011
      F: (212) 750-8297
      iansari@aidalalaw.com

*Attorneys for Plaintiff Emelike Nwosuocha*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2023, I caused the foregoing Notice of Appeal to be served via the Electronic Case Filing (ECF) system in the United States District Court for the Southern District of New York, on all parties registered for CM/ECF in the above-captioned action.

Dated: New York, New York
April 21, 2023

**AIDALA, BERTUNA & KAMINS, P.C.**

By:    /s/ Imran H. Ansari
Imran H. Ansari, Esq.
546 Fifth Avenue, 6th Floor
New York, NY 10036
T: (212) 486-0011
F: (212) 750-8297
iansari@aidalalaw.com

*Attorneys for Plaintiff Emelike Nwosuocha*

# EXHIBIT B

CLOSED,APPEAL,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:21−cv−04047−VM

| | |
|---|---|
| Nwosuocha v. Glover II et al | Date Filed: 05/05/2021 |
| Assigned to: Judge Victor Marrero | Date Terminated: 03/24/2023 |
| Cause: 17:501 Copyright Infringement | Jury Demand: Plaintiff |
| | Nature of Suit: 820 Copyright |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Emelike Nwosuocha**  represented by  **Imran H. Ansari**
Aidala Bertuna & Kamins PC
546 Fifth Avenue
Ste 6th Floor
New York, NY 10036
212−486−0011
Fax: 212−750−8297
Email: iansari@aidalalaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Donald McKinley Glover II**  represented by  **Jonathan David Davis**
Jonathan D. Davis, P.C.
1 Rockefeller Plaza
Suite 1712
New York, NY 10020
212−687−5464
Email: Jdd@Jddavispc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Derek Andrew Williams**
Jonathan D. Davis, P.C.
1 Rockefeller Plaza
Suite 1712
New York, NY 10020
212−687−5464
Fax: 212−697−2521
Email: daw@jddavispc.com
*TERMINATED: 06/21/2022*

**Defendant**

**RCA Records**  represented by  **Jonathan David Davis**
*TERMINATED: 04/28/2022*  (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Derek Andrew Williams**
(See above for address)
*TERMINATED: 06/21/2022*

**Defendant**

**Sony Music Entertainment**  represented by  **Jonathan David Davis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Derek Andrew Williams**
(See above for address)
*TERMINATED: 06/21/2022*

**Defendant**

**Young Stoner Life Publishing LLC**          represented by   **Jonathan David Davis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Derek Andrew Williams**
(See above for address)
*TERMINATED: 06/21/2022*

**Defendant**

**Kobalt Music Publishing America, Inc.**          represented by   **Jonathan David Davis**
*doing business as*
Songs of Kobalt Music Publishing

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Derek Andrew Williams**
(See above for address)
*TERMINATED: 06/21/2022*

**Defendant**

**Theory Entertainment LLC**          represented by   **Jonathan David Davis**
*doing business as*
300 Entertainment

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Derek Andrew Williams**
(See above for address)
*TERMINATED: 06/21/2022*

**Defendant**

**Atlantic Recording Corporation**          represented by   **Jonathan David Davis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Derek Andrew Williams**
(See above for address)
*TERMINATED: 06/21/2022*

**Defendant**

**Roc Nation Publishing LLC**          represented by   **Alex Spiro**
*doing business as*
Songs of Roc Nation

Quinn Emanuel Urquhart & Sullivan
(NYC)
51 Madison Avenue
New York, NY 10010
212−849−7000
Fax: 212−849−7100
Email: alexspiro@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Paul Brian Maslo**
Quinn, Emanuel, Urquhart & Sullivan,
LLP
711 Louisiana Street
Suite 500
Houston, TX 77002
713−221−7130

Email: paulmaslo@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Songs of Universal, Inc.**     represented by     **Donald S. Zakarin**
Pryor Cashman LLP
7 Times Square
New York, NY 10036
212 326 0108
Fax: 212 326 0806
Email: DZakarin@pryorcashman.com
*ATTORNEY TO BE NOTICED*

**Ilene Susan Farkas**
Pryor Cashman LLP
7 Times Square
New York, NY 10036
212–421–4100
Fax: 212–326–0806
Email: ifarkas@pryorcashman.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Warner Music Group Corp.**
*TERMINATED: 04/28/2022*     represented by     **Jonathan David Davis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Derek Andrew Williams**
(See above for address)
*TERMINATED: 06/21/2022*

**Defendant**

**Warner–Tamerlane Publishing Corp.**     represented by     **Jonathan David Davis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Derek Andrew Williams**
(See above for address)
*TERMINATED: 06/21/2022*

**Defendant**

**Ludwig Emil Tomas Goransson**     represented by     **Jonathan David Davis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Derek Andrew Williams**
(See above for address)
*TERMINATED: 06/21/2022*

**Defendant**

**Jefferey Lamar Williams**     represented by     **Jonathan David Davis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Derek Andrew Williams**
(See above for address)
*TERMINATED: 06/21/2022*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/06/2021 | 1 | COMPLAINT against Atlantic Recording Corporation, LUDWIG EMIL GRANSSON, Donald McKinley Glover II, KOBALT MUSIC PUBLISHING AMERICA, INC. d/b/a/ SONGS OF KOBALT MUSIC PUBLISHING, RCA Records, ROC NATION PUBLISHING LLC d/b/a SONGS OF ROC NATION, Songs of Universal, Inc., Sony Music Entertainment, THEORY ENTERTAINMENT LLC d/b/a 300 ENTERTAINMENT, JEFFEREY LAMAR WILLIAMS, Warner Music Group Corp., Warner–Tamerlane Publishing Corp., YOUNG STONER LIFE PUBLISHING LLC. (Filing Fee $ 402.00, Receipt Number ANYSDC–24499999)Document filed by Emelike Nwosuocha. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I).(Ansari, Imran) (Entered: 05/06/2021) |
| 05/06/2021 | 2 | CIVIL COVER SHEET filed..(Ansari, Imran) (Entered: 05/06/2021) |
| 05/06/2021 | 3 | AO 121 FORM COPYRIGHT – NOTICE OF SUBMISSION BY ATTORNEY. AO 121 Form Copyright for case opening submitted to court for review..(Ansari, Imran) (Entered: 05/06/2021) |
| 05/06/2021 | | ***NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Imran H. Ansari. The party information for the following party/parties has been modified: YOUNG STONER LIFE PUBLISHING LLC, THEORY ENTERTAINMENT LLC d/b/a 300 ENTERTAINMENT, JEFFEREY LAMAR WILLIAMS, ROC NATION PUBLISHING LLC d/b/a SONGS OF ROC NATION, KOBALT MUSIC PUBLISHING AMERICA, INC. d/b/a/ SONGS OF KOBALT MUSIC PUBLISHING, LUDWIG EMIL GRANSSON. The information for the party/parties has been modified for the following reason/reasons: party name was entered in all caps; alias party name was omitted;. (pc) (Entered: 05/06/2021) |
| 05/06/2021 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above–entitled action is assigned to Judge Victor Marrero. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district–judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf–related–instructions..(pc) (Entered: 05/06/2021) |
| 05/06/2021 | | Magistrate Judge Robert W. Lehrburger is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018–06/AO–3.pdf. (pc) (Entered: 05/06/2021) |
| 05/06/2021 | | Case Designated ECF. (pc) (Entered: 05/06/2021) |
| 05/06/2021 | 4 | AO 121 FORM COPYRIGHT – CASE OPENING – SUBMITTED. In compliance with the provisions of 17 U.S.C. 508, the Register of Copyrights is hereby advised that a court action has been filed on the following copyright(s) in the U.S. District Court Southern District of New York. Form e–mailed to Register of Copyrights..(pc) (Entered: 05/06/2021) |
| 05/06/2021 | 5 | LETTER addressed to Judge Victor Marrero from Imran H. Ansari dated 05/06/2021 re: Systems error affecting Exhibit A to Complaint. Document filed by Emelike Nwosuocha..(Ansari, Imran) (Entered: 05/06/2021) |
| 05/06/2021 | 6 | NOTICE of Exhibit A to Complaint. Document filed by Emelike Nwosuocha..(Ansari, Imran) (Entered: 05/06/2021) |
| 07/30/2021 | 7 | LETTER MOTION for Extension of Time *to Serve Complaint* addressed to Judge Victor Marrero from Imran H. Ansari dated 07/30/21. Document filed by Emelike Nwosuocha..(Ansari, Imran) (Entered: 07/30/2021) |

| | | |
|---|---|---|
| 08/02/2021 | 8 | ORDER granting 7 Letter Motion for Extension of Time. Request GRANTED. Plaintiff's request for a 60 day enlargement of the time for service is hereby granted. SO ORDERED. (Signed by Judge Victor Marrero on 8/2/2021) (ate) (Entered: 08/02/2021) |
| 09/16/2021 | 9 | **FILING ERROR – DEFICIENT SUMMONS REQUEST – PDF ERROR** REQUEST FOR ISSUANCE OF SUMMONS as to Atlantic Recording Corporation, re: 1 Complaint. Document filed by Emelike Nwosuocha..(Ansari, Imran) Modified on 9/17/2021 (sj). (Entered: 09/16/2021) |
| 09/16/2021 | 10 | **FILING ERROR – DEFICIENT SUMMONS REQUEST – PDF ERROR** REQUEST FOR ISSUANCE OF SUMMONS as to Songs of Universal, Inc., re: 1 Complaint. Document filed by Emelike Nwosuocha..(Ansari, Imran) Modified on 9/17/2021 (sj). (Entered: 09/16/2021) |
| 09/16/2021 | 11 | **FILING ERROR – DEFICIENT SUMMONS REQUEST – PDF ERROR** REQUEST FOR ISSUANCE OF SUMMONS as to RCA Records, Inc., re: 1 Complaint. Document filed by Emelike Nwosuocha..(Ansari, Imran) Modified on 9/17/2021 (sj). (Entered: 09/16/2021) |
| 09/16/2021 | 12 | **FILING ERROR – DEFICIENT SUMMONS REQUEST – PDF ERROR** REQUEST FOR ISSUANCE OF SUMMONS as to Sony Music Entertainment, re: 1 Complaint. Document filed by Emelike Nwosuocha..(Ansari, Imran) Modified on 9/17/2021 (sj). (Entered: 09/16/2021) |
| 09/16/2021 | 13 | **FILING ERROR – DEFICIENT SUMMONS REQUEST – PDF ERROR** REQUEST FOR ISSUANCE OF SUMMONS as to Warner Music Group, re: 1 Complaint. Document filed by Emelike Nwosuocha..(Ansari, Imran) Modified on 9/17/2021 (sj). (Entered: 09/16/2021) |
| 09/16/2021 | 14 | **FILING ERROR – DEFICIENT SUMMONS REQUEST – PDF ERROR** REQUEST FOR ISSUANCE OF SUMMONS as to Warner−Tamerlane Publishing Corp., re: 1 Complaint. Document filed by Emelike Nwosuocha..(Ansari, Imran) Modified on 9/17/2021 (sj). (Entered: 09/16/2021) |
| 09/16/2021 | 15 | **FILING ERROR – DEFICIENT SUMMONS REQUEST – PDF ERROR** REQUEST FOR ISSUANCE OF SUMMONS as to Theory Entertainment LLC d/b/a 300 Entertainment, re: 1 Complaint. Document filed by Emelike Nwosuocha..(Ansari, Imran) Modified on 9/17/2021 (sj). (Entered: 09/16/2021) |
| 09/16/2021 | 16 | **FILING ERROR – DEFICIENT SUMMONS REQUEST – PDF ERROR** REQUEST FOR ISSUANCE OF SUMMONS as to Young Stoner Life Publishing, LLC, re: 1 Complaint. Document filed by Emelike Nwosuocha..(Ansari, Imran) Modified on 9/17/2021 (sj). (Entered: 09/16/2021) |
| 09/16/2021 | 17 | **FILING ERROR – DEFICIENT SUMMONS REQUEST – PDF ERROR** REQUEST FOR ISSUANCE OF SUMMONS as to Roc Nation Publishing LLC d/b/a Songs of Roc Nation, re: 1 Complaint. Document filed by Emelike Nwosuocha..(Ansari, Imran) Modified on 9/17/2021 (sj). (Entered: 09/16/2021) |
| 09/16/2021 | 18 | **FILING ERROR – DEFICIENT SUMMONS REQUEST – PDF ERROR** REQUEST FOR ISSUANCE OF SUMMONS as to EMIL TOMAS GRANSSON, re: 1 Complaint. Document filed by Emelike Nwosuocha..(Ansari, Imran) Modified on 9/17/2021 (sj). (Entered: 09/16/2021) |
| 09/16/2021 | 19 | **FILING ERROR – DEFICIENT SUMMONS REQUEST – PDF ERROR** REQUEST FOR ISSUANCE OF SUMMONS as to Donald McKinley Glover II, re: 1 Complaint. Document filed by Emelike Nwosuocha..(Ansari, Imran) Modified on 9/17/2021 (sj). (Entered: 09/16/2021) |
| 09/16/2021 | 20 | **FILING ERROR – DEFICIENT SUMMONS REQUEST – PDF ERROR** REQUEST FOR ISSUANCE OF SUMMONS as to Kobalt Music Publishing America, Inc. d/b/a Songs of Kobalt Music Publishing, re: 1 Complaint. Document filed by Emelike Nwosuocha..(Ansari, Imran) Modified on 9/17/2021 (sj). (Entered: 09/16/2021) |
| 09/17/2021 | | *****NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Imran H. Ansari to RE−FILE** |

| | | |
|---|---|---|
| | | **Document No. 17 Request for Issuance of Summons, 16 Request for Issuance of Summons, 19 Request for Issuance of Summons, 13 Request for Issuance of Summons, 14 Request for Issuance of Summons, 18 Request for Issuance of Summons, 20 Request for Issuance of Summons, 10 Request for Issuance of Summons, 11 Request for Issuance of Summons, 9 Request for Issuance of Summons, 15 Request for Issuance of Summons, 12 Request for Issuance of Summons. The filing is deficient for the following reason(s): the PDF attached to the docket entry for the issuance of summons is not correct; Plaintiff's attorney information was omitted on PDF. Please note that you may file separate summonses or file one summons form with a rider/addendum attached listing all Defendants and addresses. Re–file the document using the event type Request for Issuance of Summons found under the event list Service of Process – select the correct filer/filers – and attach the correct summons form PDF. (sj)** (Entered: 09/17/2021) |
| 09/17/2021 | 21 | REQUEST FOR ISSUANCE OF SUMMONS as to Kobalt Music Publishing America, Inc. d/b/a Songs of Kobalt Music Publishing, re: 1 Complaint,,. Document filed by Emelike Nwosuocha..(Ansari, Imran) (Entered: 09/17/2021) |
| 09/17/2021 | 22 | REQUEST FOR ISSUANCE OF SUMMONS as to Donald McKinley Glover II, re: 1 Complaint,,. Document filed by Emelike Nwosuocha..(Ansari, Imran) (Entered: 09/17/2021) |
| 09/17/2021 | 23 | **FILING ERROR – DEFICIENT PLEADING – SUMMONS REQUEST PDF and AS TO ERROR –** REQUEST FOR ISSUANCE OF SUMMONS as to EMIL TOMAS GORANSSON, re: 1 Complaint,,. Document filed by Emelike Nwosuocha..(Ansari, Imran) Modified on 9/20/2021 (gp). (Entered: 09/17/2021) |
| 09/17/2021 | 24 | REQUEST FOR ISSUANCE OF SUMMONS as to Roc Nation Publishing LLC d/b/a Songs of Roc Nation, re: 1 Complaint,,. Document filed by Emelike Nwosuocha..(Ansari, Imran) (Entered: 09/17/2021) |
| 09/17/2021 | 25 | REQUEST FOR ISSUANCE OF SUMMONS as to Young Stoner Life Publishing, LLC, re: 1 Complaint,,. Document filed by Emelike Nwosuocha..(Ansari, Imran) (Entered: 09/17/2021) |
| 09/17/2021 | 26 | REQUEST FOR ISSUANCE OF SUMMONS as to Theory Entertainment LLC d/b/a 300 Entertainment, re: 1 Complaint,,. Document filed by Emelike Nwosuocha..(Ansari, Imran) (Entered: 09/17/2021) |
| 09/17/2021 | 27 | REQUEST FOR ISSUANCE OF SUMMONS as to Warner–Tamerlane Publishing Corp., re: 1 Complaint,,. Document filed by Emelike Nwosuocha..(Ansari, Imran) (Entered: 09/17/2021) |
| 09/17/2021 | 28 | REQUEST FOR ISSUANCE OF SUMMONS as to Warner Music Group, re: 1 Complaint,,. Document filed by Emelike Nwosuocha..(Ansari, Imran) (Entered: 09/17/2021) |
| 09/17/2021 | 29 | REQUEST FOR ISSUANCE OF SUMMONS as to Sony Music Entertainment, re: 1 Complaint,,. Document filed by Emelike Nwosuocha..(Ansari, Imran) (Entered: 09/17/2021) |
| 09/17/2021 | 30 | REQUEST FOR ISSUANCE OF SUMMONS as to RCA Records, Inc., re: 1 Complaint,,. Document filed by Emelike Nwosuocha..(Ansari, Imran) (Entered: 09/17/2021) |
| 09/17/2021 | 31 | REQUEST FOR ISSUANCE OF SUMMONS as to Songs of Universal, Inc., re: 1 Complaint,,. Document filed by Emelike Nwosuocha..(Ansari, Imran) (Entered: 09/17/2021) |
| 09/17/2021 | 32 | REQUEST FOR ISSUANCE OF SUMMONS as to Atlantic Recording Corporation, re: 1 Complaint,,. Document filed by Emelike Nwosuocha..(Ansari, Imran) (Entered: 09/17/2021) |
| 09/20/2021 | 33 | ELECTRONIC SUMMONS ISSUED as to Donald McKinley Glover II..(gp) (Entered: 09/20/2021) |

| 09/20/2021 | 34 | ELECTRONIC SUMMONS ISSUED as to Kobalt Music Publishing America, Inc...(gp) (Entered: 09/20/2021) |
|---|---|---|
| 09/20/2021 | 35 | ELECTRONIC SUMMONS ISSUED as to Roc Nation Publishing LLC..(gp) (Entered: 09/20/2021) |
| 09/20/2021 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Imran H. Ansari to RE–FILE Document No. 23 Request for Issuance of Summons. The filing is deficient for the following reason(s): party name on the TO section of the PDF and docket entry does not match the entire name of the party on the pleading and case. Re–file the document using the event type Request for Issuance of Summons found under the event list Service of Process – select the correct filer/filers – and attach the correct summons form PDF. (gp)** (Entered: 09/20/2021) |
| 09/20/2021 | 36 | ELECTRONIC SUMMONS ISSUED as to Young Stoner Life Publishing LLC..(gp) (Entered: 09/20/2021) |
| 09/20/2021 | 37 | ELECTRONIC SUMMONS ISSUED as to Theory Entertainment LLC..(gp) (Entered: 09/20/2021) |
| 09/20/2021 | 38 | ELECTRONIC SUMMONS ISSUED as to Warner–Tamerlane Publishing Corp...(gp) (Entered: 09/20/2021) |
| 09/20/2021 | 39 | ELECTRONIC SUMMONS ISSUED as to Warner Music Group Corp...(gp) (Entered: 09/20/2021) |
| 09/20/2021 | 40 | ELECTRONIC SUMMONS ISSUED as to RCA Records..(gp) (Entered: 09/20/2021) |
| 09/20/2021 | 41 | ELECTRONIC SUMMONS ISSUED as to Atlantic Recording Corporation..(gp) (Entered: 09/20/2021) |
| 09/20/2021 | 42 | ELECTRONIC SUMMONS ISSUED as to Songs of Universal, Inc...(gp) (Entered: 09/20/2021) |
| 09/20/2021 | 43 | ELECTRONIC SUMMONS ISSUED as to Sony Music Entertainment..(gp) (Entered: 09/20/2021) |
| 09/20/2021 | 44 | REQUEST FOR ISSUANCE OF SUMMONS as to LUDWIG EMIL TOMAS GORANSSON, re: 1 Complaint,,. Document filed by Emelike Nwosuocha..(Ansari, Imran) (Entered: 09/20/2021) |
| 09/21/2021 | 45 | ELECTRONIC SUMMONS ISSUED as to Ludwig Emil Tomas Goransson. (sj) (Entered: 09/21/2021) |
| 09/29/2021 | 46 | WAIVER OF SERVICE RETURNED EXECUTED. Document filed by Emelike Nwosuocha..(Ansari, Imran) (Entered: 09/29/2021) |
| 09/30/2021 | 47 | AFFIDAVIT OF SERVICE. Theory Entertainment LLC served on 9/24/2021, answer due 10/15/2021. Service was accepted by Nancy Dougherty. Document filed by Emelike Nwosuocha..(Ansari, Imran) (Entered: 09/30/2021) |
| 09/30/2021 | 48 | AFFIDAVIT OF SERVICE. Warner Music Group. served on 9/24/2021, answer due 10/15/2021. Service was accepted by Nancy Dougherty. Document filed by Emelike Nwosuocha..(Ansari, Imran) (Entered: 09/30/2021) |
| 09/30/2021 | 49 | LETTER MOTION for Extension of Time *to Serve Complaint* addressed to Judge Victor Marrero from Imran H. Ansari dated 9/30/21. Document filed by Emelike Nwosuocha..(Ansari, Imran) (Entered: 09/30/2021) |
| 10/01/2021 | 50 | ORDER granting 49 Letter Motion for Extension of time to serve the Complaint in this matter upon the Defendants Jefferey Lamar Williams and RCA Records. So Ordered. Service due by 11/29/2021. (Signed by Judge Victor Marrero on 10/1/2021) (js) (Entered: 10/01/2021) |
| 10/04/2021 | 51 | AFFIDAVIT OF SERVICE. Roc Nation Publishing LLC served on 9/27/2021, answer due 10/18/2021. Service was accepted by Katie DiLorenzo. Document filed by Emelike Nwosuocha..(Ansari, Imran) (Entered: 10/04/2021) |

| | | |
|---|---|---|
| 10/04/2021 | 52 | AFFIDAVIT OF SERVICE. Sony Music Entertainment served on 9/23/2021, answer due 10/14/2021. Service was accepted by Judy Carkner, Authorized Agent. Document filed by Emelike Nwosuocha..(Ansari, Imran) (Entered: 10/04/2021) |
| 10/04/2021 | 53 | AFFIDAVIT OF SERVICE. Kobalt Music Publishing America, Inc. served on 9/23/2021, answer due 10/14/2021. Service was accepted by Judy Carkner, Authorized Agent. Document filed by Emelike Nwosuocha..(Ansari, Imran) (Entered: 10/04/2021) |
| 10/04/2021 | 54 | AFFIDAVIT OF SERVICE. Service was accepted by Nancy Dougherty, Authorized Agent, Secretary of State. Document filed by Emelike Nwosuocha..(Ansari, Imran) (Entered: 10/04/2021) |
| 10/04/2021 | 55 | AFFIDAVIT OF SERVICE. Service was accepted by Nancy Dougherty, Authorized Agent, Secretary of State. Document filed by Emelike Nwosuocha..(Ansari, Imran) (Entered: 10/04/2021) |
| 10/04/2021 | 56 | AFFIDAVIT OF SERVICE. Young Stoner Life Publishing LLC served on 9/27/2021, answer due 10/18/2021. Service was accepted by Christy Drabeck, Authorized Agent. Document filed by Emelike Nwosuocha..(Ansari, Imran) (Entered: 10/04/2021) |
| 10/04/2021 | 57 | WAIVER OF SERVICE RETURNED EXECUTED. Ludwig Emil Tomas Goransson waiver sent on 9/21/2021, answer due 11/22/2021. Document filed by Emelike Nwosuocha..(Ansari, Imran) (Entered: 10/04/2021) |
| 10/04/2021 | 58 | AFFIDAVIT OF SERVICE. Songs of Universal, Inc. served on 9/30/2021, answer due 10/21/2021. Service was accepted by Christopher Boyd, Authorized Agent. Document filed by Emelike Nwosuocha..(Ansari, Imran) (Entered: 10/04/2021) |
| 10/04/2021 | 59 | AFFIDAVIT OF SERVICE. Warner–Tamerlane Publishing Corp. served on 9/30/2021, answer due 10/21/2021. Service was accepted by Christopher Boyd, Authorized Agent. Document filed by Emelike Nwosuocha..(Ansari, Imran) (Entered: 10/04/2021) |
| 10/04/2021 | 60 | AFFIDAVIT OF SERVICE. Atlantic Recording Corporation served on 9/30/2021, answer due 10/21/2021. Service was accepted by Christopher Boyd, Authorized Agent. Document filed by Emelike Nwosuocha..(Ansari, Imran) (Entered: 10/04/2021) |
| 10/05/2021 | 61 | WAIVER OF SERVICE RETURNED EXECUTED. Donald McKinley Glover II waiver sent on 9/21/2021, answer due 11/22/2021. Document filed by Emelike Nwosuocha..(Ansari, Imran) (Entered: 10/05/2021) |
| 10/07/2021 | 62 | NOTICE OF APPEARANCE by Alexander Benjamin Spiro on behalf of Roc Nation Publishing LLC..(Spiro, Alexander) (Entered: 10/07/2021) |
| 10/07/2021 | 63 | NOTICE OF APPEARANCE by Paul Brian Maslo on behalf of Roc Nation Publishing LLC..(Maslo, Paul) (Entered: 10/07/2021) |
| 10/14/2021 | 64 | LETTER MOTION for Extension of Time *to Respond to Complaint* addressed to Judge Victor Marrero from Jonathan D. Davis dated October 14, 2021. Document filed by Donald McKinley Glover II. (Attachments: # 1 Text of Proposed Order Stipulation and Order).(Davis, Jonathan) (Entered: 10/14/2021) |
| 10/18/2021 | 65 | STIPULATION TO EXTEND DEFENDANTS' TIME TO ANSWER, MOVE, OR OTHERWISE RESPOND TO THE COMPLAINT: NOW, THEREFORE, Plaintiff and Defendants, by and through their undersigned counsel or agents, hereby stipulate as follows: 1. Defendants shall answer, move, or otherwise respond to the Complaint on or before Wednesday, December 8, 2021. 2. Defendants preserve all of their respective challenges, defenses, and responses to the Complaint, except they shall not raise the defense of improper service of process. 3. This stipulation may be signed in counterparts, and any facsimile/PDF/electronic signatures shall be deemed original signatures. Atlantic Recording Corporation answer due 12/8/2021; Donald McKinley Glover II answer due 12/8/2021; Ludwig Emil Tomas Goransson answer due 12/8/2021; Kobalt Music Publishing America, Inc. answer due 12/8/2021; RCA Records answer due 12/8/2021; Roc Nation Publishing LLC answer due 12/8/2021; Songs of Universal, Inc. answer due 12/8/2021; Sony Music Entertainment answer due 12/8/2021; Theory Entertainment LLC answer due 12/8/2021; Warner Music Group Corp. answer due 12/8/2021; Warner–Tamerlane Publishing Corp. answer due 12/8/2021; Young Stoner Life Publishing LLC answer due 12/8/2021. (Signed by |

| | | |
|---|---|---|
| | | Judge Victor Marrero on 10/18/2021) (tg) (Entered: 10/18/2021) |
| 11/17/2021 | 66 | SECOND LETTER MOTION for Extension of Time *to Respond to Complaint* addressed to Judge Victor Marrero from Jonathan D. Davis dated November 17, 2021. Document filed by Donald McKinley Glover II. (Attachments: # 1 Text of Proposed Order Stipulation and Order).(Williams, Derek) (Entered: 11/17/2021) |
| 11/18/2021 | 67 | STIPULATION TO FURTHER EXTEND DEFENDANTS' TIME TO ANSWER, MOVE, OR OTHERWISE RESPOND TO THE COMPLAINT: NOW, THEREFORE, Plaintiff and the Served Defendants, along with Williams (collectively, "Defendants"), by and through their undersigned counsel or agents, hereby stipulate as follows: Defendants shall answer, move, or otherwise respond to the Complaint on or before Wednesday, December 22, 2021. Defendants preserve all of their respective challenges, defenses, and responses to the Complaint, except they shall not raise the defense of improper service of process. This stipulation may be signed in counterparts, and any facsimile/PDF/electronic signatures shall be deemed original signatures. So Ordered. Atlantic Recording Corporation answer due 12/22/2021; Donald McKinley Glover II answer due 12/22/2021; Ludwig Emil Tomas Goransson answer due 12/22/2021; Kobalt Music Publishing America, Inc. answer due 12/22/2021; RCA Records answer due 12/22/2021; Roc Nation Publishing LLC answer due 12/22/2021; Songs of Universal, Inc. answer due 12/22/2021; Sony Music Entertainment answer due 12/22/2021; Theory Entertainment LLC answer due 12/22/2021; Warner Music Group Corp. answer due 12/22/2021; Warner–Tamerlane Publishing Corp. answer due 12/22/2021; Jefferey Lamar Williams answer due 12/22/2021; Young Stoner Life Publishing LLC answer due 12/22/2021. (Signed by Judge Victor Marrero on 11/18/2021) (js) (Entered: 11/18/2021) |
| 12/22/2021 | 68 | NOTICE OF APPEARANCE by Jonathan David Davis on behalf of Atlantic Recording Corporation, Donald McKinley Glover II, Ludwig Emil Tomas Goransson, Kobalt Music Publishing America, Inc., RCA Records, Sony Music Entertainment, Theory Entertainment LLC, Warner Music Group Corp., Warner–Tamerlane Publishing Corp., Jefferey Lamar Williams, Young Stoner Life Publishing LLC..(Davis, Jonathan) (Entered: 12/22/2021) |
| 12/22/2021 | 69 | NOTICE OF APPEARANCE by Derek Andrew Williams on behalf of Atlantic Recording Corporation, Donald McKinley Glover II, Ludwig Emil Tomas Goransson, Kobalt Music Publishing America, Inc., RCA Records, Sony Music Entertainment, Theory Entertainment LLC, Warner Music Group Corp., Warner–Tamerlane Publishing Corp., Jefferey Lamar Williams, Young Stoner Life Publishing LLC..(Williams, Derek) (Entered: 12/22/2021) |
| 12/23/2021 | 70 | NOTICE OF APPEARANCE by Ilene Susan Farkas on behalf of Songs of Universal, Inc...(Farkas, Ilene) (Entered: 12/23/2021) |
| 12/23/2021 | 71 | NOTICE OF APPEARANCE by Donald S. Zakarin on behalf of Songs of Universal, Inc...(Zakarin, Donald) (Entered: 12/23/2021) |
| 02/18/2022 | 72 | LETTER addressed to Judge Victor Marrero from Jonathan D. Davis dated February 18, 2022 re: Defendants' Contemplated Motion to Dismiss the Complaint. Document filed by Atlantic Recording Corporation, Donald McKinley Glover II, Ludwig Emil Tomas Goransson, Kobalt Music Publishing America, Inc., RCA Records, Sony Music Entertainment, Theory Entertainment LLC, Warner Music Group Corp., Warner–Tamerlane Publishing Corp., Jefferey Lamar Williams, Young Stoner Life Publishing LLC. (Attachments: # 1 Letters exchanged between counsel regarding Defendants' contemplated motion to dismiss the Complaint).(Williams, Derek) (Entered: 02/18/2022) |
| 02/23/2022 | 73 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Kobalt America Holdings, Inc. for Kobalt Music Publishing America, Inc.. Document filed by Kobalt Music Publishing America, Inc...(Williams, Derek) (Entered: 02/23/2022) |
| 02/23/2022 | 74 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Sony Corporation for Sony Music Entertainment. Document filed by Sony Music Entertainment..(Williams, Derek) (Entered: 02/23/2022) |

| 02/23/2022 | 75 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent AI Entertainment Holdings LLC for Atlantic Recording Corporation, Theory Entertainment LLC, Warner Music Group Corp., Warner–Tamerlane Publishing Corp.. Document filed by Atlantic Recording Corporation, Theory Entertainment LLC, Warner Music Group Corp., Warner–Tamerlane Publishing Corp...(Williams, Derek) (Entered: 02/23/2022) |
| 03/15/2022 | 76 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Universal Music Group, N.V. for Songs of Universal, Inc.. Document filed by Songs of Universal, Inc...(Farkas, Ilene) (Entered: 03/15/2022) |
| 04/26/2022 | 77 | NOTICE OF VOLUNTARY DISMISSAL pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the plaintiff(s) and or their counsel(s), hereby give notice that the above–captioned action is voluntarily dismissed, without prejudice against the defendant(s) RCA Records, Warner Music Group Corp.. Document filed by Emelike Nwosuocha. **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers)**...(Ansari, Imran) (Entered: 04/26/2022) |
| 04/27/2022 |  | **\*\*\*NOTICE TO COURT REGARDING NOTICE OF VOLUNTARY DISMISSAL Document No. 77 Notice of Voluntary Dismissal, was reviewed and referred to Judge Victor Marrero for approval for the following reason(s): the plaintiff(s) filed their voluntary dismissal and it did not dismiss all of the parties or the action in its entirety. (tp)** (Entered: 04/27/2022) |
| 04/28/2022 | 78 | NOTICE OF VOLUNTARY DISMISSAL, WITHOUT PREJUDICE, PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(i): Pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Plaintiff Emelike Nwosuocha and his counsel of record, hereby give notice that the above–captioned action is voluntarily dismissed, without prejudice, against only defendants RCA Records and Warner Music Group Corp. An electronic PDF signature shall be deemed an original for the purposes of this notice. Defendants RCA Records and Warner Music Group Corp. are hereby dismissed from this action. SO ORDERED. RCA Records and Warner Music Group Corp. terminated. (Signed by Judge Victor Marrero on 4/28/2022) (jca) (Entered: 04/28/2022) |
| 06/17/2022 | 79 | MOTION for Derek A. Williams to Withdraw as Attorney . Document filed by Atlantic Recording Corporation, Donald McKinley Glover II, Ludwig Emil Tomas Goransson, Kobalt Music Publishing America, Inc., RCA Records, Sony Music Entertainment, Theory Entertainment LLC, Warner Music Group Corp., Warner–Tamerlane Publishing Corp., Jefferey Lamar Williams, Young Stoner Life Publishing LLC..(Davis, Jonathan) (Entered: 06/17/2022) |
| 06/21/2022 | 80 | MEMO ENDORSEMENT granting 79 MOTION for Derek A. Williams to Withdraw as Attorney. ENDORSEMENT: Attorney Derek Williams's request to withdraw as counsel of record for defendants is hereby GRANTED. SO ORDERED. Attorney Derek Andrew Williams terminated. (Signed by Judge Victor Marrero on 6/21/2022) (jca) (Entered: 06/21/2022) |
| 06/24/2022 | 81 | ORDER: Upon review of all pre–motion letters, the Court is not persuaded that a pre–motion conference or further briefing is necessary to resolve the parties' dispute. In accordance with this Court's Individual Practices and Rule 7.1 of the Court's Local Rules, Defendants may file a motion to dismiss which shall not exceed three pages in length (single spaced, twelve–point font), unless, upon a party's request, the Court authorizes a larger number. The substance of such motion may not deviate materially from the basis for dismissal that Defendants stated in its initial pre–motion letter. In response, within seven (7) days of the filing of Defendants' motion, Nwosuocha may file its opposition, which may similarly not exceed three pages (single spaced, twelve–point font), opposing the motion. Defendants may file a three–page reply within seven (7) days of the filing of Nwosuocha's response. SO ORDERED. (Signed by Judge Victor Marrero on 6/24/2022) (ama) (Entered: 06/24/2022) |
| 07/19/2022 | 82 | LETTER addressed to Judge Victor Marrero from Jonathan D. Davis dated July 19, 2022 re: Reqest to File Enlarged Motion. Document filed by Donald McKinley Glover II..(Davis, Jonathan) (Entered: 07/19/2022) |
| 07/20/2022 | 83 | MEMO ENDORSEMENT on re: 82 Letter filed by Donald McKinley Glover II. ENDORSEMENT: Defendants' request to submit a joint motion brief which shall not |

| | | |
|---|---|---|
| | | exceed six pages in length (single spaced, twelve–point font) is hereby GRANTED. In response, plaintiff may file an opposition, which similarly shall not exceed six pages in length (single spaced, twelve–point font). Defendants may file a three–page reply. SO ORDERED. (Signed by Judge Victor Marrero on 7/20/2022) (jca) (Entered: 07/20/2022) |
| 07/28/2022 | 84 | LETTER addressed to Judge Victor Marrero from Jonathan D. Davis dated July 28, 2022 re: Request for Approval of Motion Briefing Schedule. Document filed by Donald McKinley Glover II..(Davis, Jonathan) (Entered: 07/28/2022) |
| 07/29/2022 | 85 | MEMO ENDORSEMENT on re: 84 Letter filed by Donald McKinley Glover II. ENDORSEMENT: The parties in this action are directed to submit an agreed upon joint briefing schedule for defendants' anticipated motion to dismiss. SO ORDERED. (Signed by Judge Victor Marrero on 7/29/2022) (jca) (Entered: 07/29/2022) |
| 08/10/2022 | 86 | ORDER: In light of recent Second Circuit opinions, the parties are directed to advise the Court whether they consent for the Court to deem the briefing as set forth in the July 20 Order as a fully briefed motion and rule on the basis of the forthcoming limited briefs, or whether the parties request supplemental or full briefing on Defendants' motion. If the parties request supplemental or full briefing, they shall submit a proposed briefing schedule within one week of the date of this order. (Signed by Judge Victor Marrero on 8/10/2022) (ate) (Entered: 08/10/2022) |
| 08/14/2022 | 87 | PROPOSED STIPULATION AND ORDER. Document filed by Donald McKinley Glover II..(Davis, Jonathan) (Entered: 08/14/2022) |
| 08/15/2022 | 88 | STIPULATION AND ORDER EXTENDING DEADLINE TO ANSWER, MOVE, OR OTHERWISE RESPOND TO THE COMPLAINT AND ASSOCIATED BREIFING SCHEDULE: NOW, THEREFORE, Plaintiff and Defendants, by and through their undersigned counsel, hereby agree as follows: 1. Defendants shall file the Motion to Dismiss on September 9, 2022. 2. Plaintiff's opposition to the Motion to Dismiss shall be filed on or before September 16, 2022. 3. Defendants shall file a reply, if any, on or before September 23, 2022. 4. This stipulation may be signed in counterparts, and facsimile/PDF/electronic signatures shall be deemed original signatures. IT IS SO ORDERED. (Signed by Judge Victor Marrero on 8/15/2022) ( Motions due by 9/9/2022., Responses due by 9/16/2022, Replies due by 9/23/2022.) (ks) (Entered: 08/15/2022) |
| 09/09/2022 | 89 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Young Stoner Life Publishing LLC..(Davis, Jonathan) (Entered: 09/09/2022) |
| 09/09/2022 | 90 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** MOTION to Dismiss *Complaint*. Document filed by Donald McKinley Glover II. (Attachments: # 1 Exhibit Ex. A – Plaintiff's Complaint, # 2 Exhibit Ex. B – Copyright Registration, # 3 Exhibit Ex. C – Copyright Registration, # 4 Exhibit Ex. D – Copyright Registration, # 5 Exhibit Ex. E – Copyright Registration, # 6 Exhibit Ex. F – Copyright Registration, # 7 Exhibit Ex. G – Copyright Registration, # 8 Exhibit Ex. H – Copyright Registration, # 9 Exhibit Ex. I – Plaintiff's Lyrics, # 10 Exhibit Ex. J – Glover's Lyrics).(Davis, Jonathan) Modified on 9/19/2022 (db). (Entered: 09/09/2022) |
| 09/09/2022 | 91 | **FILING ERROR – DEFICIENT DOCKET ENTRY** – MEMORANDUM OF LAW in Support re: 90 MOTION to Dismiss *Complaint*. . Document filed by Donald McKinley Glover II. (Davis, Jonathan) Modified on 9/19/2022 (db). (Entered: 09/09/2022) |
| 09/16/2022 | 92 | **FILING ERROR – DEFICIENT DOCKET ENTRY** – MEMORANDUM OF LAW in Opposition re: 90 MOTION to Dismiss *Complaint*. . Document filed by Emelike Nwosuocha. (Attachments: # 1 Exhibit A – Copyright Registration, # 2 Exhibit B – USCO Circular 56A, # 3 Exhibit C – USCO Compendium (3d ed. 2014), # 4 Exhibit D – USCO Compendium (3d ed. 2014), # 5 Exhibit E – Pre–Motion Correspondence).(Ansari, Imran) Modified on 9/19/2022 (db). (Entered: 09/16/2022) |
| 09/19/2022 | | **\*\*\*NOTICE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Notice to Attorney Jonathan David Davis to RE–FILE Document 90 MOTION to Dismiss *Complaint*. Use the event type Declaration in Support of** |

| | | **Motion found under the event list Replies, Opposition and Supporting Documents. \*\*\*REMINDER\*\*\* – MOTION to Dismiss WAS NOT FILED. First file Motion, then file and link any supporting documents. (db)** (Entered: 09/19/2022) |
|---|---|---|
| 09/19/2022 | | **\*\*\*NOTICE TO ATTORNEY TO RE–FILE DOCUMENT – DEFICIENT DOCKET ENTRY ERROR. Notice to Attorney Jonathan David Davis to RE–FILE Document 91 Memorandum of Law in Support of Motion. ERROR(S): Document linked to filing error. (db)** (Entered: 09/19/2022) |
| 09/19/2022 | | **\*\*\*NOTICE TO ATTORNEY TO RE–FILE DOCUMENT – DEFICIENT DOCKET ENTRY ERROR. Notice to Attorney Imran H. Ansari to RE–FILE Document 92 Memorandum of Law in Opposition to Motion. ERROR(S): Document linked to filing error. (db)** (Entered: 09/19/2022) |
| 09/20/2022 | 93 | MOTION to Dismiss *Complaint*. Document filed by Donald McKinley Glover II..(Davis, Jonathan) (Entered: 09/20/2022) |
| 09/20/2022 | 94 | DECLARATION of Jonathan D. Davis in Support re: 93 MOTION to Dismiss *Complaint*.. Document filed by Donald McKinley Glover II. (Attachments: # 1 Exhibit Plaintiff's Complaint, # 2 Exhibit Ex. B – Copyright Registration, # 3 Exhibit Ex. C – Copyright Registration, # 4 Exhibit Ex. D – Copyright Registration, # 5 Exhibit Ex. E – Copyright Registration, # 6 Exhibit Ex. F – Copyright Registration, # 7 Exhibit Ex. G – Copyright Registration, # 8 Exhibit Ex. H – Copyright Registration, # 9 Exhibit Ex. I – Plaintiff's Lyrics, # 10 Exhibit Ex. J – Glover's Lyrics).(Davis, Jonathan) (Entered: 09/20/2022) |
| 09/20/2022 | 95 | MEMORANDUM OF LAW in Support re: 93 MOTION to Dismiss *Complaint*. . Document filed by Donald McKinley Glover II..(Davis, Jonathan) (Entered: 09/20/2022) |
| 09/20/2022 | 96 | MEMORANDUM OF LAW in Opposition re: 93 MOTION to Dismiss *Complaint*. . Document filed by Emelike Nwosuocha. (Attachments: # 1 Exhibit A – Copyright Registration, # 2 Exhibit B – USCO Circular 56A, # 3 Exhibit C – USCO Compendium (3d ed. 2014), # 4 Exhibit D – USCO Compendium (3d ed. 2014), # 5 Exhibit E – Pre–Motion Correspondence).(Ansari, Imran) (Entered: 09/20/2022) |
| 09/23/2022 | 97 | REPLY MEMORANDUM OF LAW in Support re: 93 MOTION to Dismiss *Complaint*. . Document filed by Donald McKinley Glover II..(Davis, Jonathan) (Entered: 09/23/2022) |
| 09/28/2022 | 98 | LETTER MOTION for Leave to File SURREPLY addressed to Judge Victor Marrero from Imran H. Ansari dated 09/28/22. Document filed by Emelike Nwosuocha. (Attachments: # 1 Exhibit A – Pre–Motion Letter).(Ansari, Imran) (Entered: 09/28/2022) |
| 09/29/2022 | 99 | ORDER denying 98 Letter Motion for Leave to File Document. Request DENIED. The Court will not consider any new arguments, legal theories or other matters raised by defendants for the first time in reply. SO ORDERED. (Signed by Judge Victor Marrero on 9/29/2022) (jca) (Entered: 09/29/2022) |
| 03/24/2023 | 100 | DECISION AND ORDER granting 93 Motion to Dismiss. For the reasons stated above, it is hereby ORDERED that the motion filed by defendants Donald McKinley Glover, II, Jeffrey Lamar Williams, Ludwig Emil Tomas Gransson, Kobalt Music Publishing America, Inc. d/b/a/ Songs of Kobalt Music Publishing, Sony Music Entertainment, Young Stoner Life Publishing, LLC, 300 Entertainment LLC f/k/a Theory Entertainment LLC d/b/a 300 Entertainment, Atlantic Recording Corporation, Roc Nation Publishing d/b/a Songs of Roc Nation, Songs of Universal, Inc., and Warner–Tamerlane Publishing Corp. to dismiss the Complaint of plaintiff Emelike Nwosuocha (Dkt. No. 1) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is GRANTED with prejudice to leave to amend. The Clerk of Court is respectfully directed to terminate the Motion to Dismiss at Dkt. No. 93 as well as any other pending motions and close the case. SO ORDERED. (Signed by Judge Victor Marrero on 3/24/2023) (jca) Transmission to Orders and Judgments Clerk for processing. (Entered: 03/24/2023) |

| 03/24/2023 | 101 | CLERK'S JUDGMENT re: 100 Order on Motion to Dismiss in favor of Atlantic Recording Corporation, Kobalt Music Publishing America, Inc., Roc Nation Publishing LLC, Songs of Universal, Inc., Sony Music Entertainment, Theory Entertainment LLC, Warner–Tamerlane Publishing Corp., Young Stoner Life Publishing LLC, Donald McKinley Glover II, Jefferey Lamar Williams, Ludwig Emil Tomas Goransson against Emelike Nwosuocha. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Decision and Order dated March 24, 2023, the motion filed by defendants Donald McKinley Glover, II, Jeffrey Lamar Williams, Ludwig Emil Tomas Gransson, Kobalt Music Publishing America, Inc. d/b/a/ Songs of Kobalt Music Publishing, Sony Music Entertainment, Young Stoner Life Publishing, LLC, 300 Entertainment LLC f/k/a Theory Entertainment LLC d/b/a 300 Entertainment, Atlantic Recording Corporation, Roc Nation Publishing d/b/a Songs of Roc Nation, Songs of Universal, Inc., and Warner–Tamerlane Publishing Corp. to dismiss the Complaint of plaintiff Emelike Nwosuocha (Dkt. No. 1) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is GRANTED with prejudice to leave to amend; accordingly, the case is closed. (Signed by Clerk of Court Ruby Krajick on 3/24/2023) (Attachments: # 1 Appeal Package) (km) (Entered: 03/24/2023) |
| 03/24/2023 | 102 | AO 121 FORM COPYRIGHT – CASE TERMINATED– SUBMITTED. In compliance with the provisions of 17 U.S.C. 508, the Register of Copyrights is hereby advised that a final decision was rendered on 3/24/2023 in a court action filed on the following copyright(s) in the U.S. District Court Southern District of New York. Form e–mailed to Register of Copyrights.(km) (Entered: 03/24/2023) |
| 03/31/2023 | 103 | LETTER addressed to Judge Victor Marrero from Jonathan D. Davis dated March 31, 2023 re: Extend Time to File Section 505 Fees/Costs Motion. Document filed by Donald McKinley Glover II..(Davis, Jonathan) (Entered: 03/31/2023) |
| 04/03/2023 | 104 | MEMO ENDORSEMENT on re: 103 Letter filed by Donald McKinley Glover II ENDORSEMENT: Defendants' time to file a motion for costs is hereby extended pursuant to the above. SO ORDERED. (Signed by Judge Victor Marrero on 4/3/2023) (ks) (Entered: 04/03/2023) |
| 04/21/2023 | 105 | **FILING ERROR – DEFICIENT DOCKET ENTRY – NOTICE OF APPEAL from 100 Order on Motion to Dismiss,,,,. Document filed by Emelike Nwosuocha. Filing fee $ 505.00, receipt number ANYSDC–27638440. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Ansari, Imran) Modified on 4/21/2023 (tp). (Entered: 04/21/2023)** |
| 04/21/2023 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT APPEAL. Notice to attorney Imran Ansari to RE–FILE Document No. 105 Notice of Appeal. The filing is deficient for the following reason(s):the order and judgment mentioned were not selected. Re–file the appeal using the event type Notice of Appeal found under the event list Appeal Documents – attach the correct signed PDF – select the correct named filer/filers – select the correct order and judgment being appealed – Do Not Pay the Appeal Fee Again. (tp)** (Entered: 04/21/2023) |
| 04/21/2023 | 106 | NOTICE OF APPEAL from 100 Order on Motion to Dismiss,,,, 101 Clerk's Judgment,,,,,. Document filed by Emelike Nwosuocha. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Ansari, Imran) (Entered: 04/21/2023) |
| 04/21/2023 | | Appeal Fee Paid electronically via Pay.gov: for 106 Notice of Appeal. Filing fee $ 505.00. Pay.gov receipt number ANYSDC–27638440, paid on 4/21/2023. (tp) (Entered: 04/21/2023) |
| 04/21/2023 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 106 Notice of Appeal. (tp) (Entered: 04/21/2023) |
| 04/21/2023 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 106 Notice of Appeal filed by Emelike Nwosuocha were transmitted to the U.S. Court of Appeals. (tp) (Entered: 04/21/2023) |

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/24/2023

---

EMELIKE NWOSUOCHA,

                Plaintiff,

              - against -

DONALD MCKINLEY GLOVER, II,
JEFFEREY LAMAR WILLIAMS, LUDWIG
EMIL TOMAS GÖRANSSON, KOBALT
MUSIC PUBLISHING AMERICA, INC. d/b/a/
SONGS OF KOBALT MUSIC PUBLISHING,
RCA RECORDS, SONY MUSIC
ENTERTAINMENT, YOUNG STONER LIFE
PUBLISHING LLC, THEORY
ENTERTAINMENT LLC d/b/a 300
ENTERTAINMENT, ATLANTIC RECORDING
CORPORATION, ROC NATION PUBLISHING
LLC d/b/a SONGS OF ROC NATION, SONGS
OF UNIVERSAL, INC., WARNER MUSIC
GROUP CORP., and WARNER-TAMERLANE
PUBLISHING CORP.,

                Defendants.

21 Civ. 04047(VM)

**DECISION AND ORDER**

---

**VICTOR MARRERO, United States District Judge.**

      Plaintiff Emelike Nwosuocha ("Nwosuocha") brings this action against defendants Donald McKinley Glover, II ("Glover"), Jeffrey Lamar Williams ("Williams"), Ludwig Emil Tomas Göransson ("Göransson"), Kobalt Music Publishing America, Inc. d/b/a/ Songs of Kobalt Music Publishing ("Kobalt Music"), RCA Records, Sony Music Entertainment ("Sony Music"), Young Stoner Life Publishing, LLC ("YSL"), 300 Entertainment LLC f/k/a Theory Entertainment LLC d/b/a 300 Entertainment ("300 Entertainment"), Atlantic Recording

Corporation ("Atlantic"), Roc Nation Publishing d/b/a Songs of Roc Nation ("Roc Nation"), Songs of Universal, Inc. ("Universal"), Warner Music Group Corp., and Warner-Tamerlane Publishing Corp. ("Warner-Tamerlane") (collectively, "Defendants").[1] The complaint alleges that Defendants engaged in direct, contributory, and vicarious copyright infringement of Nwosuocha's copyright in his song titled, "Made in America," via the song titled "This is America," in violation of the Copyright Act, 17 U.S.C. §§ 101, *et seq*. (See "Complaint," Dkt. No. 1.)

Now pending before the Court is Defendants' Joint Motion to Dismiss Nwosuocha's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). (See "Motion," Dkt. No. 93.) For the reasons set forth below, the Motion is **GRANTED**, and Nwosuocha's Complaint is dismissed with prejudice to leave to amend.

---

[1] Defendants RCA Records and Warner Music Group Corp. were voluntarily dismissed without prejudice from this action on April 28, 2022. (See Dkt. No. 78.) They are therefore excluded from the definition of "Defendants."

2

# I.  **BACKGROUND**

A.  FACTS[2]

1.  Nwosuocha Writes "Made in America" and Obtains a Sound Recording Copyright Registration

In or about early September 2016, Nwosuocha, who performs under the pseudonym "Kidd Wes," wrote the song titled "Made in America" ("Plaintiff's Composition"). On September 11, 2016, Nwosuocha uploaded Plaintiff's Composition to Soundcloud, an online music streaming platform, where it was available to the public for listening. Nwosuocha uploaded a music video of Plaintiff's Composition to YouTube on November 9, 2016, where it was also available to the public to be viewed and listened to. Nwosuocha registered his then unpublished album, "Eleven: The Junior Senior Year," which included Plaintiff's Composition, with the United States Copyright Office (the "Copyright Office") on May 24, 2017. Nwosuocha was then issued a Sound Recording registration, United States Copyright Registration No. SRu 1-301-922. (See Dkt. No. 1-2.) Nwosuocha subsequently published Plaintiff's Composition as a purchasable lead single to "Eleven: The Junior Senior Year" on June 8, 2017.

---

[2] Except as otherwise noted, the following background derives from the Complaint. The Court takes all facts alleged therein as true and construes the justifiable inferences arising therefrom in the light most favorable to the plaintiff, as required under the standard set forth in Section II below.

2. Glover, Williams, and Göransson Write and Release "This is America"

In 2018, Glover, Williams, and Göransson wrote the song titled "This is America" ("the Challenged Composition"). The Challenged Composition was publicly released on May 6, 2018, when Glover performed the song while hosting the television show Saturday Night Live. At or around the same time, a music video of the Challenged Composition was uploaded and made publicly available on Glover's official YouTube channel, and the song was otherwise made available for streaming and purchase. Kobalt Music, RCA Records, Sony Music, YSL, 300 Entertainment, Atlantic, Roc Nation, Universal, Warner Music Group Corp., and Warner-Tamerlane, as publishers and distributers of the Challenged Composition, facilitated and assisted with its distribution, promotion, and sale.

The Challenged Composition was an immediate and continuing success. The song received critical acclaim, including winning the 2019 Grammy Award for Record of the Year. Commercially, the Challenged Composition debuted at number one on the Billboard Hot 100 chart after selling 78,000 copies and garnering 65.3 million streams in the United States within the first week of its release. The Challenged Composition would go on to have 3,000,000 certified sales in the United States alone. Glover also went on the international

"This is America Tour," and performed the Challenged Composition between thirty and thirty-five times at concerts throughout the world.

### 3. Nwosuocha Notifies Defendants of "This is America's" Infringement on "Made in America"

Nwosuocha's counsel sent a letter to Glover, Williams, Göransson, Sony Music, and RCA Records, on December 7, 2020, objecting to the Challenged Composition's infringement on Plaintiff's Composition. Nwosuocha's counsel received only a non-substantive response from Glover's counsel, who asked for materials supporting Nwosuocha's claims. Nwosuocha's counsel sent Glover's counsel a cease-and-desist letter on February 16, 2021, after Glover demonstrated no intent to cure or mitigate the Challenged Composition's alleged infringement.

### B.   PROCEDURAL HISTORY

Nwosuocha initiated this action on May 6, 2021. (See Complaint.) Defendants then wrote a pre-motion letter to Plaintiff in anticipation of filing a motion to dismiss. (See Dkt. No. 72-1.) The parties exchanged three further letters, after which Defendants informed the Court that the parties had concluded their pre-motion exchange pursuant to the Section II.B.2 of the Court's Individual Practices and had failed to avoid motion practice at this point. (See Dkt. Nos. 72, 72-1.)

5

The parties subsequently opted to file supplemental briefing, including a joint filing by Defendants. (See Dkt. Nos. 81-83, 86-88.) Accordingly, Defendants filed a joint Motion to Dismiss the Complaint (the "Motion"), with an accompanying Memorandum of Law in Support (the "Memorandum"). (See Dkt. Nos. 93-95.) Nwosuocha filed his Memorandum of Law in Opposition to the Motion (the "Opposition"), which was followed by Defendants' joint Reply Memorandum of Law in Support of the Motion (the "Reply"). (See Dkt. Nos. 96-97.) Nwosuocha subsequently requested leave to file a sur-reply, which the Court denied. (See Dkt. Nos. 98-99.)

## II.  LEGAL STANDARD

### A. MOTION TO DISMISS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, a complaint should not be dismissed when the factual allegations

6

sufficiently "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In resolving a Rule 12(b)(6) motion, the Court's task is "to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." In re Initial Pub. Offering Sec. Litig., 383 F. Supp. 2d 566, 574 (S.D.N.Y. 2005) (internal quotation marks omitted), aff'd sub nom. Tenney v. Credit Suisse First Boston Corp., No. 05 Civ. 3430, 2006 WL 1423785 (2d Cir. May 19, 2006); accord In re MF Glob. Holdings Ltd. Sec. Litig., 982 F. Supp. 2d 277, 302 (S.D.N.Y. 2013).

In this context, the Court must construe the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). A district court must confine its consideration "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." Leonard F. v. Israel Disc. Bank of New York, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks omitted). The requirement that a court accept the factual allegations in the complaint as true

does not extend to legal conclusions. See Iqbal, 556 U.S. at 678.

## B. COPYRIGHT INFRINGEMENT

Under the Copyright Act, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with [Title 17, Copyrights.]" 17 U.S.C. § 411(a). Specifically, a potential claimant must "apply for registration and receive the Copyright Office's decision on [the] application before instituting suit." Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC, 139 S. Ct. 881, 891 (2019).

"The mere fact that a work is copyrighted does not mean that every element of the work may be protected," rather, the "law regulates only the copying of the plaintiff's *original expression*." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 348 (1991); see McDonald v. West, 138 F. Supp. 3d 448, 454 (S.D.N.Y. 2015) aff'd 669 F. App'x 59 (2d Cir. 2016) (emphasis in original). To be original means that "the work was independently created by the author (as opposed to copied from other works), and that it possess at least some minimal degree of creativity. . . no matter how crude, humble or obvious it might be." Feist, 499 U.S. at 345 (internal

8

quotation marks omitted). Copyright protection is limited in this way because the law recognizes that "all creative works draw on the common wellspring that is the public domain." Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc., 338 F.3d 127, 132 (2d Cir. 2003).

Thus, "copyright protects only that which is original," and "does not protect ideas, only their expression." McDonald, 138 F. Supp. 3d at 455. "This principle excludes from copyright the raw materials of art, like colors, letters, descriptive facts, and standard geometric forms, as well as previous creative works that have fallen into the public domain," and "[i]t likewise excludes the basic building blocks of music, including tempo and individual notes." Id. at 454 (collecting cases). Further, "words and short phrases, including titles and slogans, rarely if ever exhibit sufficient originality to warrant copyright protection," and "[l]onger phrases are also not protectable if they are common or cliché." Id. Similarly, "common rhythms, song structures, and harmonic progressions are not protected" and "[t]hemes fall into the category of uncopyrightable ideas." Id. at 454-55. Still, "a work may be copyrightable even though it is entirely a compilation of unprotectible elements," because "the original way in which the author has selected,

coordinated, and arranged the elements of his or her work" is protectible. Knitwaves, Inc. v. Lollytogs Ltd. (Inc.), 71 F.3d 996, 1003-04 (2d Cir. 1995) (internal quotation marks omitted).

A district court may dismiss a copyright infringement claim on a Rule 12(b)(6) motion "either when the similarity concerns only noncopyrightable elements of plaintiff['s] work, or when no reasonable trier of fact could find the works substantially similar." Walker v. Time Life Films, Inc., 784 F.2d 44, 48 (2d Cir. 1986); see also Peter F. Gaito Architecture, LLC v. Simone Development Corp., 602 F.3d 57, 64 (2d Cir. 2010)). "In copyright infringement actions, the works themselves supersede and control contrary descriptions of them, including any contrary allegations, conclusions or descriptions of the works contained in the pleadings." Peter F. Gaito, 602 F.3d at 64 (internal quotation marks and citations omitted). Accordingly, "no discovery or fact-finding is typically necessary, because what is required is only a visual [or aural] comparison of the works." Id. (internal quotations marks omitted).

"The standard test for substantial similarity between two items is whether an ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them,

10

and regard the aesthetic appeal as the same." Id. at 66
(internal quotation marks and alterations in original
omitted). In other words, the test considers "whether an
average lay observer would recognize the alleged copy as
having been appropriated from the copyrighted work." Id.
(internal quotation marks omitted). Where the infringement of
music is at issue, the ordinary observer test considers
whether the "defendant took from plaintiff's works so much of
what is pleasing to the ears of lay listeners, who comprise
the audience for whom such . . . music is composed, that
defendant wrongfully appropriated something which belongs to
the plaintiff." Repp v. Webber, 132 F.3d 882, 889 (2d Cir.
1997) (alteration in original) (quoting Arnstein v. Porter,
154 F.2d 464, 473 (2d Cir. 1946)).

If the works at issue "have both protectible and
unprotectible elements, [the] analysis must be more
discerning, and [the court] instead must attempt to extract
the unprotectible elements from [] consideration and ask
whether the protectible elements, standing alone, are
substantially similar." Peter F. Gaito, 602 F.3d at 66
(internal quotation marks and citations omitted).

Under either analysis, however, a court is not "required
to dissect the works into their separate components, and

compare only those elements which are in themselves copyrightable." Id. (alteration omitted). "Instead, [a court is] principally guided by comparing the contested [work's] total concept and overall feel with that of the allegedly infringed work, as instructed by [the court's] good [ears] and common sense." Id. (internal quotation marks and citations omitted). Thus, a court "must make sure to engage in a holistic comparison of the two works, looking for substantial similarity that is apparent only when numerous aesthetic decisions embodied in the plaintiff's work of art—the excerpting, modifying, and arranging of unprotectible components—are considered in relation to one another." McDonald, 138 F. Supp. at 456 (quoting Peter F. Gaito, 602 F.3d at 66) (internal quotation marks and alterations omitted).

## III. DISCUSSION

Defendants move to dismiss Nwosuocha's sole claim that Defendants engaged in direct, contributory, and vicarious copyright infringement of Nwosuocha's copyright in Plaintiff's Composition, via the Challenged Composition, in violation of the Copyright Act, 17 U.S.C. §§ 101, *et seq.* For the reasons explained below, the Court grants Defendants'

12

Motion and dismisses the Complaint with prejudice to leave to amend.

A.     COPYRIGHT REGISTRATION

The Complaint alleges that "Nwosuocha is the sole and exclusive owner of the U.S. Copyright in all rights, titles, and interests in the Copyrighted Work, 'Made in America,'" and that the "Infringing Work[, "This is America,"] copies quantitatively and qualitatively distinct, important, and recognizable portions and/or elements of the Copyrighted Work." (See Complaint ¶¶ 75, 80.) Specifically, the Complaint alleges that the

> distinctive flow employed in Defendant Glover's recorded performance of the Infringing Work's chorus, which is the musical centerpiece of the Infringing Work and forms the namesake for the Infringing Work's song title, is unmistakably similar, if not practically identical, to the distinct and unique flow that was employed by Nwosuocha in recording his vocal performance of his rapping of the hook to his Copyrighted Work,

and "the lyrical theme, content, and structure of the identically-performed choruses are also glaringly similar." (Id. ¶¶ 39-40.) Accordingly, the "Defendants' unauthorized reproduction, distribution, public performance, display, creation of derivative works, and other exploitation and/or misappropriation of the Copyrighted Work infringes Nwosuocha's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*." (Id. ¶ 76.)

13

Defendants argue that Nwosuocha's copyright claim fails as a matter of law because Nwosuocha failed to register a copyright for his composition of Plaintiff's Composition (Memorandum at 1-2.) Defendants note that Nwosuocha's Certificate of Registration is for a sound recording of Plaintiff's Composition, not for its musical composition, meaning he cannot assert a copyright claim that the composition has been infringed. (Id.; Dkt. No. 1-2.)

Nwosuocha responds that he is able to maintain a case because the Copyright Office permits the submission of a single recording to register copyrights in the sound recordings and compositions of the submission, and that he "used one *sound recording* registration to register his collective work of sound recordings and underlying compositions, filed the registration as sole claimant *and* sole author of the collective work, and effectuated a valid registration for the collective work extending to all musical compositions therein, including for 'Made in America.'" (See Opposition at 1-2.) Nwosuocha argues further that under the Supreme Court's holding in Unicolors, Inc. v. H&M Hennes & Mauritz, L.P., even if his registration contains inaccurate information, presumably such as not identifying Nwosuocha as creating the composition as well as the sound recording, the

14

registration is nonetheless valid because Nwosuocha did not know of the inaccuracies. 142 S. Ct. 941, 945 (2022); (see Opposition at 1-2.)

The Court finds that Nwosuocha's copyright claim fails as a matter of law because Nwosuocha does not possess a copyright registration for the musical composition of Plaintiff's Composition, only a registration for a sound recording of the song. As other courts in this District have explained, "[c]opyright protection extends to two distinct aspects of music: (1) the musical composition, which is itself usually composed of two distinct aspects—music and lyrics; and (2) the physical embodiment of a particular performance of the musical composition, usually in the form of a master recording." Pickett v. Migos Touring, Inc., 420 F. Supp. 3d 197, 205 (S.D.N.Y. 2019) (quoting Ulloa v. Universal Music & Video Distribution Corp., 303 F. Supp. 2d 409, 412 (S.D.N.Y. 2004)). Here, the Complaint does not allege that Defendants incorporated "the physical embodiment" or sound recording of Plaintiff's Composition. Rather, the Complaint claims that Defendants infringed on the composition of Plaintiff's Composition, including the "lyrical theme, content, and structure," elements that go to the composition of the songs. (Complaint ¶¶ 39-40.)

Nwosuocha's arguments that he possesses a copyright registration for the composition of Plaintiff's Composition are without merit. First, Nwosuocha claims that he "used one *sound recording* registration to register his collective work of sound recordings and underlying compositions . . . including for [Plaintiff's Composition]." (<u>See</u> Opposition at 1-2 (emphasis in original)). Nwosuocha is correct that a single recording may be submitted to the Copyright Office to register for both a sound recording registration and a musical composition registration provided that "the composition and the sound recording are embodied in the same phonorecord, (2) the author is the only performer featured in the recording, and (3) the author is the only copyright owner of both works." (<u>See</u> Copyright Office Circular 56, Dkt. No. 96-2.) To obtain both registrations, however, qualified applicants must mark or detail in their applications that they are seeking both types of copyright. (<u>See</u> <u>id.</u>)

For instance, if applicants use Form SR, which "should be used when the copyright claim is limited to the sound recording itself," but "may also be used where the same copyright claimant is seeking simultaneous registration of the underlying musical, dramatic, or literary work embodied in the phonorecord," they must "include the appropriate

16

authorship terms for reach author, for example 'words,' 'music,' 'arrangement of music,' or 'text.'" (See Dkt. No. 96-5.)

That the Copyright Office allows one submission to register for both a sound recording registration and a musical composition registration, however, does not mean that Nwosuocha's submission did so. Indeed, Nwosuocha's Certificate of Registration is only for a sound recording. (See Dkt. No. 1-2.) Thus, Nwosuocha did not obtain both a sound recording and a compositional copyright registration with a single registration submission and lacks the copyright registration necessary to his claims.

Second, Unicolors does not alter Nwosuocha's failure to register a copyright for the composition of Plaintiff's Composition. Unicolors addressed whether a certificate of registration would remain valid despite containing inaccurate information. 142 S. Ct. at 945. Here, there is no dispute about the validity of Nwosuocha's sound recording registration and Unicolors does not otherwise support Nwosuocha's attempt to retroactively expand the scope of his existing copyright registration. See id. Accordingly, dismissal of Nwosuocha's Complaint is warranted.

Regarding the scope of such dismissal, Nwosuocha's failure to register a compositional copyright prior to filing suit cannot be cured through amendment. See Malibu Media, LLC v. Doe, No. 18 Civ. 10956, 2019 WL 1454317, at *2-3 (S.D.N.Y. Apr. 2, 2019) (explaining how post-registration amendment and relation-back would make a "meaningless formality" of the requirement under 17 U.S.C. Section 411(a) that the copyright registration be in place before a plaintiff's bringing suit for infringement). As noted previously, Section 411(a) prohibits a civil action for copyright infringement from being "instituted until preregistration or registration of the copyright has been made in accordance with [Title 17]." 17 U.S.C. § 411(a). An action is "instituted by the origination of formal proceedings, such as the filing of an initial complaint." United States ex rel. Wood v. Allergan, Inc., 899 F.3d 163, 172 (2d Cir. 2018). Thus, Nwosuocha cannot cure this defect by now obtaining a compositional registration and amending the complaint.

B.    COPYRIGHT PROTECTION AND SUBSTANTIAL SIMILARITY

Even if Nwosuocha had a copyright registration for the composition of Plaintiff's Composition, however, dismissal would be warranted here because the elements of Plaintiff's Composition purportedly infringed upon are insufficiently

original to warrant protection, or because they are not substantially similar to the Challenged Composition.

As touched upon previously, the Complaint alleges that the

> distinct and unique vocal cadence, delivery, rhythm, timing, phrasing, meter and/or pattern," or "flow," "employed in Donald Glover's recorded performance of the Infringing Work's chorus, which is the musical centerpiece of the Infringing Work and forms the namesake for the Infringing Work's song title, is unmistakably substantially similar, if not practically identical, to the distinct and unique flow that was employed by Nwosuocha in recording his vocal performance of his rapping of the hook to his Copyrighted Work.

(Complaint ¶ 39.) The Complaint further alleges that "the lyrical theme, content, and structure of the identically-performed choruses[3] are also glaringly similar," specifically highlighting the following song portions:

| Made in America | This is America |
|---|---|
| [I'm] Made in America<br>Flex on the radio<br>Made me a terrorist<br>Pessimistic n***as<br>You should just cherish this | This is America<br>Guns in my area<br>I got the strap<br>I gotta carry 'em<br>– or –<br>This is America<br>Don't catch you slippin' now<br>Don't catch you slippin' now<br>Look what I'm whippin' now |

---

[3] The exact portion of the songs that constitute the referenced "chorus" or "hook" are not specified, and the Complaint uses these terms inconsistently. The terms first refer solely to the titular lyrics of the songs, but then are used to refer to a larger portion of each song, with the hook or the chorus having a "central lyrical refrain" for instance. (Complaint ¶¶ 39, 40.)

(Id. ¶ 40.)[4]

Additionally, the parties agree, and the Court concurs, that the Complaint does not allege infringement of the "overall structure of the songs, order, and number of verse and chorus sections," or the "instrumentation," "musical notes," or "musical production."[5] (See Opposition at 2-6; Memorandum at 4-6; Complaint ¶¶ 39-40.)

The Court finds that the "distinct and unique vocal cadence, delivery, rhythm, timing, phrasing, meter and/or pattern" or "flow" as well as the "lyrical theme" and "structure" of the chorus in Plaintiff's Composition lack sufficient originality alone, or as combined, to merit compositional copyright protection or are categorically ineligible for copyright protection. (Complaint ¶ 39.) For instance, Nwosuocha asserts copyright over the "lyrical theme" of Plaintiff's Composition, but a lyrical theme is simply an idea, and ideas are not protectable. Moreover, the

---

[4] The Court notes that the lyrics for Plaintiff's Composition in the Complaint and the musicologist report attached to the Complaint are notably incomplete. (See Dkt. Nos. 1, 1-4.) Nwosuocha says the word "I'm" before saying "made in America," and thus the lyrics should be presented as "I'm made in America." The Court further notes that the musicologist report entirely failed to consider or analyze any prior art, such as other songs that use "total triplet flow." (See Dkt. No. 1-4.)

[5] As referenced in the parties' briefing, "musical production" here refers to the selection and use of instruments, singing, rapping, and background vocals, including choir and samples. (See Memorandum at 5; Opposition at 3-4 (referring to this as "overall melodic 'impression'").)

20

idea of a boastful rapper is certainly not original to Nwosuocha.

The Court further finds that although the "content" of the chorus of Plaintiff's Composition, which the Court understands to mean the lyrics, bears sufficient originality to merit compositional protection, a cursory comparison with the Challenged Composition reveals that the content of the choruses is entirely different and not substantially similar.[6] As noted previously, the "question of substantial similarity is by no means exclusively reserved for resolution by a jury" and the Second Circuit has "repeatedly recognized that, in certain circumstances, it is entirely appropriate for a district court to resolve that question as a matter of law, either because the similarity between two works concerns only non-copyrightable elements of the plaintiff's work, or because no reasonable jury, properly instructed, could find that the two works are substantially similar." Peter F. Gaito, 602 F.3d at 63. Here, no reasonable jury, properly instructed, could find that the lyrics of the chorus of Plaintiff's Composition and the chorus of the Challenged Composition are substantially similar.

---

[6] This holds true under either observer standard or when assessing the songs holistically.

21

Returning to the songs, as Defendants detail in their Memorandum, "Plaintiff's Composition is a short, simple, self-aggrandizing proclamation with Plaintiff stating repeatedly: 'I'm made in America,' [] alert[ing] rappers of Plaintiff's arrival [] and his success," "attribut[ing] his success, and the envy it creates to his record sales" but "recogniz[ing] his celebrity and swagger pose dangers from the" police. (Memorandum at 5.) By contrast, "the Challenged Composition is not about a rapper, but" "addresses contemporary America, what America means and how it is perceived," and is "anchored by the common phrase 'This is America.'" (Id.)

More could be said on the ways these songs differ, but no more airtime is needed to resolve this case.

### IV.  ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion filed by defendants Donald McKinley Glover, II, Jeffrey Lamar Williams, Ludwig Emil Tomas Göransson, Kobalt Music Publishing America, Inc. d/b/a/ Songs of Kobalt Music Publishing, Sony Music Entertainment, Young Stoner Life Publishing, LLC, 300 Entertainment LLC f/k/a Theory Entertainment LLC d/b/a 300 Entertainment, Atlantic Recording Corporation, Roc Nation Publishing d/b/a

22

Songs of Roc Nation, Songs of Universal, Inc., and Warner-Tamerlane Publishing Corp. to dismiss the Complaint of plaintiff Emelike Nwosuocha (Dkt. No. 1) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is **GRANTED** with prejudice to leave to amend. The Clerk of Court is respectfully directed to terminate the Motion to Dismiss at Dkt. No. 93 as well as any other pending motions and close the case.

**SO ORDERED.**

Dated:    New York, New York
          24 March 2023

_____
                    Victor Marrero
                    U.S.D.J.

23

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
**CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)**

**ADDENDUM "B"**

**1. List of Proposed Issues To Be Raised On This Appeal**

A list of proposed issues to be raised on this appeal includes whether: (i) the district court committed reversible error by granting Defendant's motion to dismiss Plaintiff's complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and foreclosing Plaintiff's ability to amend the complaint; (ii) the district court committed reversible error by determining that Plaintiff does not hold a valid copyright registration for the musical composition of his work "Made in America"; (iii) the district court committed reversible error by determining that the elements of Plaintiff's composition purportedly infringed upon are insufficiently original to warrant protection; and (iv) the district court committed reversible error by determining that the elements of Plaintiff's composition are not substantially similar to the Defendants' challenged composition.

**2. Standard of Review**

The standard of review on this appeal for the motion to dismiss is *de novo*. See, e.g., *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 61 (2d Cir. 2010) (stating that the Court of Appeals for the Second Circuit reviews *de novo* a district court's dismissal of a complaint for failure to state a claim upon which relief can be granted, 'accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor' (internal citation omitted)); *Montgomery v. NBC Television*, 833 F. App'x 361, 363 (2d Cir. 2020) (citing *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016). Moreover, the Second Circuit reviews the dismissal of a copyright infringement claim on substantial similarity grounds *de novo*. See, e.g., *Boisson v. Banian, Ltd.*, 273 F.3d 262, 272 (2d Cir. 2001); *Hamil Am. Inc. v. GFI*, 193

**1** of **2**

F.3d 92, 97 (2d Cir. 1999) (citing *Folio Impressions, Inc. v. Byer California*, 937 F.2d 759, 766 (2d Cir.1991)).