# 23-703

IN THE

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

◆◆

EMELIKE NWOSUOCHA,

*Plaintiff-Appellant,*

—v.—

DONALD MCKINLEY GLOVER, II, SONY MUSIC ENTERTAINMENT, YOUNG STONER LIFE PUBLISHING LLC, KOBALT MUSIC PUBLISHING AMERICA, INC., DBA SONGS OF KOBALT MUSIC PUBLISHING, THEORY ENTERTAINMENT LLC, DBA 300 ENTERTAINMENT, ATLANTIC RECORDING CORPORATION, ROC NATION PUBLISHING LLC, DBA SONGS OF ROC NATION, SONGS OF UNIVERSAL, INC., WARNERTAMERLANE PUBLISHING CORP., LUDWIG EMIL TOMAS GORANSSON, JEFFEREY LAMAR WILLIAMS,

*Defendants-Appellees,*

RCA RECORD LABEL, WARNER MUSIC GROUP CORP.,

*Defendants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## JOINT BRIEF FOR DEFENDANTS-APPELLEES

JONATHAN D. DAVIS
ALYSSA M. PRONLEY
ANTHONY C. LOMONACO
JONATHAN D. DAVIS, P.C.
1 Rockefeller Center, Suite 1712
New York, New York 10020
(212) 687-5464

*Attorneys for Defendants-Appellees
Donald McKinley Glover, II, Sony
Music Entertainment, Young Stoner
Life Publishing, LLC, Kobalt Music
Publishing America, Inc., d/b/a Songs
of Kobalt Music Publishing, 300
Entertainment LLC (f/k/a Theory
Entertainment LLC, d/b/a 300
Entertainment), Atlantic Recording
Corporation, Warner-Tamerlane
Publishing Corp., Ludwig Emil Tomas
Göransson, and Jeffrey Lamar Williams*

ILENE S. FARKAS
DONALD S. ZAKARIN
PRYOR CASHMAN LLP
7 Times Square, 40th Floor
New York, New York 10036
(212) 421-4100

*Attorneys for Defendant-Appellee
Songs of Universal, Inc.*

ALEX SPIRO
PAUL B. MASLO
QUINN EMANUEL URQUHART
& SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 687-5464

*Attorneys for Defendant-Appellee
Roc Nation Publishing LLC,
d/b/a Songs of ROC Nation*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Defendants-Appellees Donald McKinley Glover, II, Jeffrey Lamar Williams, Kobalt Music Publishing America, Inc. d/b/a Songs of Kobalt Music Publishing, Sony Music Entertainment, Young Stoner Life Publishing, LLC, 300 Entertainment LLC (f/k/a Theory Entertainment LLC d/b/a 300 Entertainment), Atlantic Recording Corporation, and Warner-Tamerlane Publishing Corp., identify the following:

(a)  Defendants-Appellees Donald McKinley Glover, II, Ludwig Emil Tomas Göransson, and Jeffrey Lamar Williams are natural persons.

(b)  Defendant-Appellee Kobalt Music Publishing America, Inc. d/b/a Songs of Kobalt Music Publishing identifies its parent corporation(s) and any publicly held company that owns 10% or more of its stock as follows: Kobalt America Holdings, Inc. owns ten percent (10%) or more of stock in Kobalt Music Publishing America, Inc. d/b/a Songs of Kobalt Music Publishing.

(c)  Defendant-Appellee Sony Music Entertainment identifies its parent corporation(s) and any publicly held company that owns 10% or more of its stock as follows: Sony Corporation, a publicly traded Japanese corporation, indirectly owns ten percent (10%) or more of Sony Music Entertainment.

(d)  Defendants-Appellees 300 Entertainment LLC (f/k/a Theory Entertainment LLC d/b/a 300 Entertainment), Atlantic Recording Corporation, and

Warner-Tamerlane Publishing Corp. identify their parent corporation(s) and any publicly held company that owns 10% or more of their stock as follows: each entity is a wholly-owned indirect subsidiary of Warner Music Group Corp., which is a publicly traded company with more than ten percent (10%) of its stock owned by AI Entertainment Holdings LLC and certain of its affiliates, which are not publicly traded companies.

(e)   Defendant-Appellee Young Stoner Life Publishing, LLC states that it has no parent corporation or publicly held corporation that holds ten percent (10%) or more of its stock.

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Defendant-Appellee Songs of Universal, Inc. identifies its parent corporation(s) and any publicly held company that owns 10% or more of its stock as follows: Universal Music Group, N.V., a publicly traded company incorporated under the laws of the Netherlands, is the ultimate parent corporation of Songs of Universal, Inc.

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Defendant-Appellee Roc Nation Publishing LLC d/b/a Songs of Roc Nation states that it has no parent corporation or publicly held corporation that holds ten percent (10%) or more of stock therein.

## **<u>TABLE OF CONTENTS</u>**

JURISDICTIONAL STATEMENT ............................................................1

STATEMENT OF ISSUES FOR REVIEW ..............................................2

SUMMARY OF ARGUMENT................................................................4

STATEMENT OF THE ACTION ...........................................................6

STANDARD OF REVIEW ...................................................................9

ARGUMENT .....................................................................................9

POINT I: THE DISTRICT COURT CORRECTLY DISMISSED THE COMPLAINT FOR FAILURE TO REGISTER THE MUSICAL COMPOSITION WITH THE COPYRIGHT OFFICE ..................................9

A. Appellant Failed to Register His Musical Composition, Which Requires Dismissal of This Action .........................................9

B. Section 411(b) Is Inapplicable to Appellant's Copyright Claim .........12

C. The District Court Properly Decided the Claim on the Merits ..........16

1. The District Court Acted Within Its Constitutional Authority and Its Decision Is Sound and Pragmatic ....................................16

2. The District Court's Decision to Rule on the Merits of Appellant's Claim Conserves Judicial Resources and Maximizes Efficiency ................................................................18

POINT II: APPELLANT FAILED TO PLEAD COPYRIGHT INFRINGEMENT AND THE DISTRICT COURT CORRECTLY FOUND THE MUSICAL COMPOSITIONS WERE NOT SUBSTANTIALLY SIMILAR ...................................................................22

i

A.    Appellant's Failure to Sufficiently Allege Access Is an Independent Ground to Affirm the Judgment Below ..........................23

B.    The District Court Held That the Two Musical Compositions at Issue Are Not Substantially Similar, Which Is an Independent Ground on Which This Court Can Affirm the Judgment Below ........25

    1.    Legal Standards for Protectability ...............................................26

    2.    The District Court Properly Found That the Compositional Elements at Issue Were Not Protectable or Remotely Similar ....28

    3.    Appellant's *"Hail Mary"* Selection and Arrangement Claim Fails as a Matter of Law ...............................................................32

        (a) The Selection and Arrangement Test ...................................33

        (b) Appellant Fails the Selection and Arrangement Test ..........35

C.    The District Court Correctly Applied the "Ordinary Observer Test" .38

CONCLUSION .......................................................................................................40

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Abdin v. CBS Broad. Inc.*,
   971 F.3d 57 (2d Cir. 2020)............................................................ 22, 26

*Adams v. Warner Bros. Pictures*,
   289 Fed. App'x 456 (2d Cir. 2008)......................................... 12, 19, 24

*Adams v. Warner Brothers Pictures Network*,
   No. 05-cv-5211 (SLT) (LB), 2007 WL 1959022 (E.D.N.Y. June 29, 2007) .......19

*Alexander v. Murdoch*,
   No. 10-cv-5613 (PAC) (JCF), 2011 WL 2802899 (S.D.N.Y. May 27, 2011) .....25

*Archie MD, Inc. v. Elsevier, Inc.*,
   261 F. Supp. 3d 512 (S.D.N.Y. 2017)..................................................14

*Arica Inst., Inc. v. Palmer*,
   761 F. Supp. 1056 (S.D.N.Y. 1991).....................................................23

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................25

*Attia v. Soc'y of New York Hosp.*,
   201 F.3d 50 (2d Cir. 1999)................................................................38

*Beaudin v. Ben & Jerry's Homemade, Inc.*,
   95 F.3d 1 (2d Cir. 1996)...................................................................33

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................22

*Beyond Blond Prods., LLC v. ComedyMX, LLC*,
   No. 21-55990, 2022 WL 1101756 (9th Cir. Apr. 13, 2022)..................36

*Bogle–Assegai v. Connecticut*,
   470 F.3d 498 (2d Cir. 2006)..............................................................12

*Brown v. Twitter*,
   19-cv-6328 (KPF), 2021 WL 3887611 (S.D.N.Y. Aug. 31, 2021) ......................19

*Buckman v. Citicorp*,
   No. 95-cv-0773 (MBM), 1996 WL 34158 (S.D.N.Y. Jan. 30, 1996) ..................25

*Cates v. Schlemovitz*,
   No. 21-cv-00805 (AMN) (ML), 2023 WL 6200196 (N.D.N.Y. Sept. 22, 2023).24

*Chambers v. Time Warner, Inc.*,
   282 F.3d 147 (2d Cir. 2002)................................................................22

*Chapman v. Universal Motown Records Grp.*,
   No. 08-cv-3255 (LAP), 2010 WL 517480 (S.D.N.Y. Feb. 4, 2010) ...................31

*Clanton v. UMG Recordings, Inc.*,
   No. 20-cv-5841 (LJL), 2021 WL 3621784 (S.D.N.Y. Aug. 16, 2021) ...............23

*Clanton v. UMG Recordings, Inc.*,
   556 F. Supp. 3d 322 (S.D.N.Y. 2021).................................................24

*Clover v. Tesfaye*,
   No. 20-55861, 2021 WL 4705512 (9th Cir. Oct. 8, 2021) ...................................36

*Cottrill v. Spears*,
   No. 02-cv-3646 (BMS), 2003 WL 21223846 (E.D. Pa. May 22, 2003) .............36

*DiTocco v. Riordan*,
   815 F. Supp. 2d 655 (S.D.N.Y. 2011).................................................30

*Drive-In Music Co., Inc. v. Sony Music Ent.*,
   No. 10-cv-5613(CAS) (JCGx), 2011 WL 13217236 (C.D. Cal. Apr. 18, 2011) .10

*Edwards v. Raymond*,
   22 F. Supp. 3d 293 (S.D.N.Y. 2014)...................................... 25, 26, 31

*Eng v. Baldwin*,
   No. 14-cv-1644 (ENV), 2014 WL 2465763 (E.D.N.Y. May 30, 2014)..............19

iv

*Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*,
   896 F. Supp. 2d 223 (S.D.N.Y. 2012)..................................................................13

*Faulkner v. Nat'l Geographic Enters. Inc.*,
   409 F.3d 26 (2d Cir. 2005)...............................................................................25

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*,
   499 U.S. 340 (1991) ......................................................... 22, 32, 33, 34

*Foss v. Eastern States Exposition*,
   67 F.4th 462 (1st Cir. 2023)............................................................................20

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*,
   586 U. S. __, 139 S. Ct. 881 (2019)........................................................... 10, 12

*Gaste v. Kaiserman*,
   863 F.2d 1061 (2d Cir. 1988)................................................................ 23, 27, 34

*Gonzalez v. Thaler*,
   565 U.S. 134 (2012) ........................................................................................18

*Gray v. Perry*,
   No. 15-cv-05642 (CAS), 2020 WL 1275221 (C.D. Cal. Mar. 16, 2020)...... 27, 31

*Greene v. Pete*,
   No. 22-cv-4220 (PAE) (SN), 2023 WL 2043951 (S.D.N.Y. Feb. 16, 2023)  10, 12

*Guity v. Santos*,
   No. 18-cv-10387 (PKC), 2019 WL 6619217 (S.D.N.Y. Dec. 5, 2019) ..............28

*Hartmann v. Amazon.com, Inc.*,
   No. 20-cv-4928 (PAE), 2021 WL 3683510 (S.D.N.Y. Aug. 19, 2021) ..............25

*Higazy v. Templeton*,
   505 F.3d 161 (2d Cir. 2007)..............................................................................21

*Hobbs v. John*,
   722 F.3d 1089 (7th Cir. 2013)...........................................................................31

*Howard v. 3, 6 Mafia*,
  No. 20-cv-6116 (LLS), 2021 WL 3146250 (S.D.N.Y. July 23, 2021)................10

*Hudson v. Universal Studios, Inc.*,
  No. 04-cv-6997 (GEL), 2008 WL 4701488 (S.D.N.Y. Oct. 23, 2008)...............30

*In re Literary Works in Electronic Databases Copyright Litigation*,
  509 F.3d 116 (2d Cir. 2007)......................................................... 17, 18

*Intersong-USA v. CBS, Inc.*,
  757 F. Supp. 274 (S.D.N.Y. 1991)........................................... 28, 29, 39

*Jean v. Bug Music, Inc.*,
  No. 00-cv-4022 (DC), 2002 WL 287786 (S.D.N.Y. Feb. 27, 2002)...................28

*Jorgensen v. Epic/Sony Records*,
  351 F.3d 46 (2d Cir. 2003).................................................................23

*Jusino v. Fed'n of Catholic Teachers, Inc.*,
  54 F.4th 95 (2d Cir. 2022)..................................................................9

*Knitwaves, Inc. v. Lollytogs Ltd. (Inc.)*,
  71 F.3d 996 (2d Cir. 1995).................................................................26

*Kontrick v. Ryan*,
  540 U.S. 443 (2004)..........................................................................18

*Kregos v. Associated Press*,
  937 F.2d 700 (2d Cir. 1991)...............................................................35

*L.A. Printex Indus., Inc. v. Aeropostale, Inc.*,
  676 F.3d 841 (9th Cir. 2012)..............................................................38

*Lane v. Knowles-Carter*,
  No. 14-cv-6798 (PAE), 2015 WL 6395940 (S.D.N.Y. Oct. 21, 2015) ......... 25, 29

*Levine v. McDonald's Corp.*,
  735 F. Supp. 92 (S.D.N.Y. 1990).........................................................37

*Lewinson v. Henry Holt and Co., LLC*,
  659 F. Supp. 2d 547 (S.D.N.Y. 2009)....................................................30

*Litchfield v. Spielberg*,
  736 F.2d 1352 (9th Cir. 1984)............................................................37

*Lone Wolf McQuade Assocs. v. CBS Inc.*,
  961 F. Supp. 587 (S.D.N.Y. 1997)......................................................26

*Lumetrics, Inc. v. Blalock*,
  23 F. Supp. 3d 138 (W.D.N.Y. 2014) ..................................................19

*Malibu Media, LLC v. Doe*,
  No. 18-cv-10956 (JMF), 2019 WL 1454317 (S.D.N.Y. Apr. 2, 2019) ...............17

*Matthew Bender & Co. v. W. Pub. Co.*,
  158 F.3d 674 (2d Cir. 1998)..............................................................35

*McDonald v. West*,
  138 F. Supp. 3d 448 (S.D.N.Y. 2015)............................................. 25, 28, 29, 31

*Miller v. Metropolitan Life Insurance Co.*,
  979 F.3d 118 (2d Cir. 2020)..............................................................21

*Morrill v. Stefani*,
  338 F. Supp. 3d 1051 (C.D. Cal. 2018) ................................................36

*Muench Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.*,
  No. 09-cv-2669 (LAP), 2010 WL 3958841 (S.D.N.Y. Sept. 27, 2010)...............13

*Mullins v. City of New York*,
  626 F.3d 47 (2d Cir. 2010)................................................................20

*O'Keefe v. Ogilvy & Mather Worldwide, Inc.*,
  590 F. Supp. 2d 500 (S.D.N.Y. 2008)..................................................24

*Papasan v. Allain*,
  478 U.S. 265 (1986) ......................................................................22

vii

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
  602 F.3d 57 (2d Cir. 2010) ..................................................... 22, 25, 26

*Peters v. West*,
  692 F.3d 629 (7th Cir. 2012) ...................................................... 31

*Peters v. West*,
  776 F. Supp. 2d 742 (N.D. Ill. 2011) .......................................... 36

*Pickett v. Migos Touring, Inc.*,
  420 F. Supp. 3d 197 (S.D.N.Y. 2019) ..................................... 10, 19

*Primetime 24 Joint Venture v. Nat'l Broadcasting Co., Inc.*,
  219 F.3d 92 (2d Cir. 2000) .......................................................... 9

*Pyatt v. Jean*,
  No. 04-cv-3908 (TCP) (AKT), 2006 WL 8440910 (E.D.N.Y. Aug. 29, 2006) ..39

*Pyatt v. Raymond*,
  No. 10-cv-8764 (CM), 2011 WL 2078531 (S.D.N.Y. May 19, 2011) .......... 23, 25

*Reed Elsevier, Inc. v. Muchnick*,
  559 U.S. 154 (2010) ................................................................. 18

*Reyher v. Children's Television Workshop*,
  533 F.2d 87 (2d Cir. 1976) ........................................................ 30

*Roberts v. Gordy*,
  877 F.3d 1024 (3d Cir. 2014) ..................................................... 13

*Robinson v. Nayvadius Wilburn, LLC*,
  No. 21-cv-03585 (MMP), 2023 WL 5509324 (N.D. Ill. Aug. 25, 2023) ............ 30

*Rose v. Hewson*,
  No. 17-cv-1471 (DLC), 2018 WL 626350 (S.D.N.Y. Jan. 30, 2018) ................. 29

*Rudkowski v. MIC Network, Inc.*,
  No. 17-cv-3647 (DAB), 2018 WL 1801307 (S.D.N.Y. Mar. 23, 2018) .............. 19

viii

*Satava v. Lowry*,
    323 F.3d 805 (9th Cir. 2003).................................................................27

*Singleton v. Wulff*,
    428 U.S. 106, 120 (1976) .................................................................12

*Skidmore v. Led Zeppelin*,
    952 F.3d 1051 (9th Cir. 2020)....................................................... 27, 33

*Smith v. Weeknd*,
    No. 19-cv-2507 (PA), 2020 WL 4932074 (C.D. Cal. July 22, 2020)...................36

*Stringer v. Richard*,
    No. 21-cv-00632, 2022 WL 3577413 (N.D. Ohio Aug. 19, 2022) .....................13

*Structured Asset Sales, LLC v. Sheeran*,
    No. 18-cv-5839 (LLS), __ F. Supp. 3d __, 2023 WL 3475524 (S.D.N.Y. May 16, 2023)........................................................................................36

*Threeline Imports, Inc. v. Vernikov*,
    No. 15-cv-02333 (AMD) (RML), 2016 WL 11472749 (E.D.N.Y. Oct. 28, 2016) ....................................................................................................35

*Tisi v. Patrick*,
    97 F. Supp. 2d 539 (S.D.N.Y. 2000)....................................................28

*Tufenkian Imp./Exp. Ventures, Inc. v. Einstein Moomjy, Inc.*,
    338 F.3d 127 (2d Cir. 2003)......................................................... 33, 34

*Ulloa v. Universal Music & Video Distrib. Corp.*,
    303 F. Supp. 2d 409 (S.D.N.Y. 2004).................................................10

*Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*,
    595 U.S. 178 (2022) ................................................................ 12, 14

*United States v. Hamilton*,
    583 F.2d 448 (9th Cir. 1978).............................................................27

*United States v. Woodley*,
   751 F.2d 1008 (9th Cir. 1985)..................................................................17

*Wager v. Littell*,
   549 F. App'x 32 (2d Cir. 2014) ..........................................................23

*Warner v. Amazon.com, Inc., et al.*,
   No. 22-cv-05907 (ALC), 2023 WL 6317954 (S.D.N.Y. Sept. 28, 2023) ............19

*Washington State Grange v. Washington State Republican Party*,
   552 U.S. 442 (2008) ..........................................................................20

*Washington v. ViacomCBS, Inc.*,
   No. 20-cv-0435 (CBM), 2020 WL 5823568 (C.D. Cal. Aug. 20, 2020).............37

*Wood v. Allergan, Inc.*,
   899 F.3d 163 (2d Cir. 2018)..................................................................17

*Xclusive-Lee, Inc. v. Hadid*,
   No. 19-cv-520 (PKC) (CLP), 2019 WL 3281013 (E.D.N.Y. July 18, 2019).......10

*Yamashita v. Scholastic Inc.*,
   936 F.3d 98 (2d Cir. 2019)....................................................................9

*Zalewski v. Cicero Builder Dev., Inc.*,
   754 F.3d 95 (2d Cir. 2014)..................................................................26

**Statutes**

17 U.S.C. § 101, *et seq.*..............................................................................1

17 U.S.C. § 102(b) ..................................................................................30

17 U.S.C. § 114(b) ............................................................................ 10, 11

17 U.S.C. § 411(a) ................................................................... 10, 12, 17, 18

17 U.S.C. § 411(b) ......................................................................... *passim*

x

28 U.S.C. § 1291 ...............................................................................2

28 U.S.C. § 1331 .............................................................................16

28 U.S.C. § 1338(a) .................................................................... 1, 16

## Other Authorities

U.S. COPYRIGHT OFFICE, CIRCULAR NO. 50, COPYRIGHT REGISTRATION FOR MUSICAL COMPOSITIONS (Aug. 2023), at 1-2, https://www.copyright.gov/circs/circ50.pdf ........................................10

U.S. COPYRIGHT OFFICE, CIRCULAR NO. 56A, COPYRIGHT REGISTRATION OF MUSICAL COMPOSITIONS AND SOUND RECORDINGS (Mar. 2021), at 3, https://www.copyright.gov/circs/circ56a.pdf.................................15

MERRIAM-WEBSTER ........................................................................34

THE NEW GROVE DICTIONARY OF MUSIC AND MUSICIANS (Stanley Sadie ed., 2d ed. 2001)..............................................................................................29

WIKIPEDIA ......................................................................................29

## Rules

37 C.F.R. § 202.1(a) ........................................................................31

Fed. R. App. P. 30(b)(1).....................................................................1

Fed. R. Civ. P. 12(b)(6)............................................................. 4, 6, 9

Second Circuit Local Rule 31.2(a)(1)(B) ...........................................2

## Constitutional Provisions

U.S. Const. art. I § 8, cl. 8...............................................................34

Defendants-Appellees Donald McKinley Glover, II, Jeffrey Lamar Williams, Kobalt Music Publishing America, Inc. d/b/a Songs of Kobalt Music Publishing ("Kobalt"), Sony Music Entertainment ("Sony Music"), Young Stoner Life Publishing, LLC ("YSL"), 300 Entertainment LLC (f/k/a Theory Entertainment LLC d/b/a 300 Entertainment) ("300"), Atlantic Recording Corporation ("Atlantic"), Warner-Tamerlane Publishing Corp. ("Warner-Tamerlane"), Songs of Universal, Inc. ("Songs"), and Roc Nation Publishing LLC d/b/a Songs of Roc Nation ("Roc Nation") (collectively, the "Appellees"), pursuant to Fed. R. App. P. 28, hereby submit this joint brief.[1]

## JURISDICTIONAL STATEMENT

A. The District Court had subject matter jurisdiction over the complaint, dated May 5, 2021 (the "Complaint"), A. 17-49, for the single cause of action for direct, contributory, and vicarious copyright infringement under 28 U.S.C. § 1338(a), as those combined claims arise under the United States Copyright Act of 1976 (the "Copyright Act"), 17 U.S.C. § 101, *et seq.*

---

[1] Although Appellant filed the "Appellant's Appendix," his counsel did not consult with Appellees concerning its contents as required under Fed. R. App. P. 30(b)(1). Appellant excluded relevant filings in the court below, consisting of the Declaration of Jonathan D. Davis and its accompanying exhibits. Therefore, Appellees have filed simultaneously with this brief the Defendants-Appellees' Appendix, referred to hereinafter as "DA. _." Appellant's Opening Brief is referred to hereinafter as "Appellant's Brief" or "App. Brf."

B.  This Court has jurisdiction under 28 U.S.C. § 1291.

C.  The District Court issued and docketed its Decision and Order, entered March 24, 2023, A. 169-91, and Judgment, entered March 24, 2023, A. 192-93, dismissing the Complaint. Appellant filed a Notice of Appeal on April 21, 2023 pursuant to Second Circuit Local Rule 31.2(a)(1)(B).

D.  This appeal is from the Judgment, which is a final judgment dismissing the Complaint with prejudice.

E.  Emelike Nwosoucha ("Appellant") filed his opening brief on August 4, 2023. (Doc. No. 69 (corrected on August 9, 2023 at Doc. No. 74)).

F.  Appellees moved to extend the deadline for their principal brief to November 3, 2023. (Doc. No. 75). The Court thereafter granted Appellees' motion to extend the date for Appellees to file their principal brief to November 6, 2023. (Doc. No. 79).

## STATEMENT OF ISSUES FOR REVIEW

1.  Where a copyright holder possesses a Form SR copyright registration that protects only a sound recording, may that copyright holder apply 17 U.S.C. § 411(b) to extend the protection afforded by that registration to the musical composition embodied in that sound recording?

**ANSWER:** No. Section 411(b) does not extend protection of a copyright registration beyond the scope stated in the registration, and therefore an SR sound

2

recording registration cannot protect the musical composition embodied in a recording unless the SR registration specifically enumerates that it protects both works, or a separate Form PA copyright registration is obtained for the underlying musical composition.

2. Where a district court determines that a plaintiff did not register the work at issue, a musical composition, as here, may the District Court proceed to determine that the musical composition was not infringed?

**ANSWER:** Yes. A district court has exclusive jurisdiction over a copyright infringement claim, and the Supreme Court held years ago that registration of a copyright is a non-jurisdictional issue, which, therefore, permits a district court to decide a copyright infringement claim on the merits, even if it is an unregistered work.

3. Did the District Court err in applying the "ordinary observer test" when it dismissed Appellant's copyright infringement claim, as a matter of law, on the grounds that the works at issue are not protectable and not substantially similar?

**ANSWER:** No. The District Court correctly applied the long-standing "ordinary observer test," ruling that any similarity between the two works concerned non-copyrightable elements, and that no reasonable jury, properly instructed, could find substantial similarity between the works at issue.

3

## <u>SUMMARY OF ARGUMENT</u>

Appellant seeks reversal of the District Court's dismissal of the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), based on its decision that: (a) Appellant's musical composition "Made in America" (the "Appellant's Composition") was never registered with the Copyright Office before commencing the action, which is a prerequisite to filing his copyright infringement claim regarding the musical composition; and (b) the musical composition titled "This is America" (the "Challenged Composition"), which is embodied in the sound recording "This is America" (the "Glover Recording"), is not "substantially similar" to Appellant's Composition. Indeed, the works at issue were both before the District Court, and the Court listened to and compared the music and lyrics, determining they are different rap songs that do not share protectable elements.

The District Court properly held that, because Appellant lacked a registered copyright for the work at issue, Appellant's Composition, he could not maintain this action against Appellees for his single claim of copyright infringement. The District Court properly rejected Appellant's reliance on 17 U.S.C. § 411(b), which is inapplicable here; rather, Appellant entirely failed to register Appellant's Composition. A. 183. Thus, the District Court properly concluded that no registered copyright existed to maintain this action.

As an alternative and additional ground for dismissal of the Complaint, the District Court applied the "ordinary observer test," ruling that the allegedly copied elements in Appellant's Composition were not protectable and the Challenged Composition was not substantially similar to any protectable elements in Appellant's Composition. Accordingly, even if Appellant had obtained a registration for Appellant's Composition before commencement of this action, he would still lack grounds to allege any copyright infringement claim.

In reaching its ruling, the District Court correctly found that any similarity between the works at issue concerned non-protectable elements and that no reasonable jury, properly instructed, could find substantial similarity. As the District Court found, the only similarity between the two musical compositions is the single lyric "America," which is not protectable.

Finally, the Complaint failed to sufficiently allege that any of the creators of Appellees' Composition had "access" to Appellant's Composition. Appellant merely alleges that the *sound recording* of Appellant's Composition (the "Appellant's Recording") was available on the Internet, which has been repeatedly held to be insufficient as a matter of law to allege a reasonable possibility of access. And Appellant failed to allege any chain of events by which the creators of the Challenged Composition could plausibly have had access to Appellant's Recording.

5

The absence of any plausible allegations of access provides an independent basis for dismissal of Appellant's copyright infringement claim.

## STATEMENT OF THE ACTION

This action arises from a single claim for copyright infringement. Appellant alleged that he composed and recorded Appellant's Composition in September 2016 and that Appellees engaged in direct, contributory, and vicarious copyright infringement of that work. A. 18-19, ¶ 4; 27, ¶ 32.

On March 24, 2023, the District Court granted Appellees' motion under Fed. R. Civ. P. 12(b)(6) to dismiss the action with prejudice. A. 169-93. Appellant contends that the District Court erred by: (a) finding that his SR sound recording copyright registration was not applicable to his copyright infringement claim for Appellant's Composition, (b) deciding the action on the merits in the absence of a musical composition copyright registration, and (c) incorrectly performing its substantial similarity analysis. App. Brf. at 15-18.

According to the Complaint, on September 11, 2016, Appellant's Recording was allegedly publicly released on Soundcloud's streaming platform as a free stream, and the music video of that recording was allegedly uploaded to YouTube in November 2016. A. 18, ¶ 4. The Complaint does not come close to alleging widespread dissemination of Appellant's Recording, or personal knowledge that any Appellee listened to Appellant's Recording or otherwise obtained a copy of

6

Appellant's Composition. A. 19, ¶ 4; 29, ¶ 40. Appellant alleges only that Appellant's Recording was available on the Internet. A. 12, ¶ 37.

In 2017, Appellant obtained a copyright registration for an unpublished collection of sound recordings, including a sound recording that embodied Appellant's Composition. A. 17-18, ¶¶ 1, 4-5; 27-28, ¶¶ 32-36; A. 50-53. He never sought a copyright registration for that underlying musical composition. A. *passim*.

On May 6, 2018, the Glover Recording (and the Challenged Composition embodied therein) was publicly released, A. 21, ¶ 19, and the music video embodying the Glover Recording was subsequently "uploaded to [the] 'Donald Glover' official YouTube channel for public streaming." A. 31-32, ¶ 45.

Appellees Kobalt, Sony Music, YSL, 300, Atlantic, Roc Nation, Songs, and Warner-Tamerlane allegedly facilitated and assisted with the distribution, promotion, and sale of the Glover Recording and Challenged Composition, as either publishers or distributors. A. 39-40, ¶ 65.

Appellant's claim focuses on two alleged elements: (1) the "vocal performance of the rapping of the chorus' lyrics" in the Challenged Composition, which Appellant tries to extrapolate into multiple elements by describing it as "vocal cadence, delivery, rhythm, timing, phrasing, meter and/or pattern – or a 'flow[.]'" A. 28, ¶ 39; and (2) alleged lyrical "themes" and the use of the word "America" in both compositions. A. 29, ¶ 40.

7

The Complaint alleges that the "distinctive flow employed in … the [Challenged Composition's] chorus … is unmistakably substantially similar, if not practically identical, to the distinct and unique flow that was employed by [Appellant] in recording his vocal performance of his rapping of the hook to [Appellant's Composition]." A. 28, ¶ 39.

The District Court correctly compared the two works at issue and held that the allegedly similar elements "lack sufficient originality alone, or as combined, to merit compositional copyright protection or are categorically ineligible for copyright protection." A. 188. Furthermore, to the extent Appellant alleged similarity with respect to the lyrics of his chorus, the District Court held that "a cursory comparison with the Challenged Composition reveals that the content of the choruses is entirely different and not substantially similar." A. 189. A comparison of those chorus lyrics is below:

| Appellant's Composition | Challenged Composition |
|---|---|
| [I'm] Made in America<br>Flex on the radio<br>Made me a terrorist<br>Pessimistic n***as<br>You should just cherish this | This is America<br>Guns in my area<br>I got the strap<br>I gotta carry 'em<br>- or –<br>This is America<br>Don't catch you slippin' now<br>Don't catch you slippin' now<br>Look what I'm whippin' now |

8

DA. 115-122; A. 187. Thus, the District Court ruled that Appellant had not alleged a claim for copyright infringement as a matter of law.

## STANDARD OF REVIEW

This Court exercises *de novo* review of the District Court's dismissal of the Complaint under Fed. R. Civ. P. 12(b)(6). A. 190-91. *E.g.*, *Yamashita v. Scholastic Inc.*, 936 F.3d 98, 103 (2d Cir. 2019) ("Because the court dismissed the Complaint under [Rule] 12(b)(6), our review is *de novo*, accepting all of the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiffs' favor." (internal quotations and citations omitted)); *Primetime 24 Joint Venture v. Nat'l Broadcasting Co., Inc.*, 219 F.3d 92, 98 (2d Cir. 2000). Appellant concurs. In addition, this Court may affirm on any ground supported by the record, whether or not reached by the District Court. *See Jusino v. Fed'n of Catholic Teachers, Inc.*, 54 F.4th 95, 100 (2d Cir. 2022).

## ARGUMENT

## POINT I

## THE DISTRICT COURT CORRECTLY DISMISSED THE COMPLAINT FOR FAILURE TO REGISTER THE MUSICAL COMPOSITION WITH THE COPYRIGHT OFFICE

### A.  Appellant Failed to Register His Musical Composition, Which Requires Dismissal of This Action

9

A copyright registration is an indispensable prerequisite to filing a copyright infringement claim. 17 U.S.C. § 411(a); *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U. S. __, 139 S. Ct. 881 (2019). Thus, a district court must dismiss a copyright action for failure to register the work at issue prior to commencing the action. *See*, *e.g.*, *Greene v. Pete*, No. 22-cv-4220 (PAE) (SN), 2023 WL 2043951, at *1 (S.D.N.Y. Feb. 16, 2023); *Howard v. 3, 6 Mafia*, No. 20-cv-6116 (LLS), 2021 WL 3146250 (S.D.N.Y. July 23, 2021); *Xclusive-Lee, Inc. v. Hadid*, No. 19-cv-520 (PKC) (CLP), 2019 WL 3281013 (E.D.N.Y. July 18, 2019).

"Copyright protection extends to two distinct aspects of music: (1) the musical composition, which is itself usually composed of two distinct aspects—music and lyrics; and (2) the physical embodiment of a particular performance of the musical composition, usually in the form of a master recording." *Pickett v. Migos Touring, Inc.*, 420 F. Supp. 3d 197, 205 (S.D.N.Y. 2019) (quoting *Ulloa v. Universal Music & Video Distrib. Corp.*, 303 F. Supp. 2d 409, 412 (S.D.N.Y. 2004)); *Drive-In Music Co., Inc. v. Sony Music Ent.*, No. 10-cv-5613(CAS) (JCGx), 2011 WL 13217236, at *3 (C.D. Cal. Apr. 18, 2011); *see also* U.S. COPYRIGHT OFFICE, CIRCULAR NO. 50, COPYRIGHT REGISTRATION FOR MUSICAL COMPOSITIONS (Aug. 2023), at 1-2, https://www.copyright.gov/circs/circ50.pdf; 17 U.S.C. § 114(b). In music, it is important to identify the particular type of work on the application for copyright registration, as it is often the case that the owner of the sound recording is different

10

from the owner of the musical composition. This avoids mistaken identification of copyright ownership.

Appellant incorrectly attempts to use a valid copyright registration for his *sound recording* (also known as a master recording) in place of a registration for his *musical composition* as the predicate for his copyright infringement claim.[2] But the Complaint does not allege that the Challenged Composition incorporates any portion of Appellant's Recording.

Rather, the Complaint alleges only that Appellees infringed elements of his *musical composition.* A. 28-29, ¶¶ 39-40. Accordingly, Appellant cannot claim infringement of any *performance* element because he is limited to infringement of compositional elements. Indeed, Appellant does not allege the copying of any sounds fixed in his sound recording, *i.e.*, "sampling." 17 U.S.C § 114(b); A. *passim*.

Given this fatal deficiency with his copyright claim, the District Court correctly found that because Appellant's SR copyright registration covers only the *sound recording* of Appellant's Recording, and not the *musical composition* embodied therein, he cannot sue for copyright infringement of Appellant's

---

[2] Appellant admits that he: (1) alleges only infringement of Appellant's Composition, and not Appellant's Recording, (2) relies upon an "SR" copyright registration for Appellant's Recording, which does not include the musical composition embodied in that recording, and (3) never obtained a "PA" copyright registration for Appellant's Composition prior to commencing this action. App. Brf. at 21.

Composition. A. 182; 17 U.S.C. § 411(a); *Fourth Estate Pub. Benefit Corp.*, 139 S. Ct. 881; *Greene*, 2023 WL 2043951, at *1 (dismissing infringement claim where plaintiff only registered his sound recording).

### B. <u>Section 411(b) Is Inapplicable to Appellant's Copyright Claim</u>

To circumvent his failure to obtain a correct copyright registration for his *musical composition*, Appellant erroneously contends that § 411(b) cures this defect.[3] Section 411(b) provides that "[a] certificate of registration satisfies the requirements of this section and section 412, regardless of whether the certificate contains *any inaccurate information unless* (A) the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and (B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration." 17 U.S.C. § 411(b)(1) (emphasis added).

---

[3] Appellant's reliance on § 411(b) is also improper because he did not invoke § 411(b) before the District Court. *See*, *e.g.*, *Adams v. Warner Bros. Pictures*, 289 Fed. Appx. 456, 458 n.2 (2d Cir. 2008) ("we generally will not entertain arguments not raised below" (citing *Bogle–Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006))); *Baker v. Dorfman*, 239 F.3d 415, 423 (2d Cir. 2000) ("a federal appellate court does not consider an issue not passed upon below" (quoting *Singleton v. Wulff*, 428 U.S. 106, 120 (1976))). Even though Appellant made a stray reference to *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 595 U.S. 178 (2022), he did not ever mention § 411(b). A. 154.

Section 411(b) is inapplicable here because it "solely concerns technical and minor errors with copyright registrations." *Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223, 233 (S.D.N.Y. 2012). That statutory provision is not a means to retroactively convert a registration for one type of work into the registration for an entirely different type of work. *Muench Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.*, No. 09-cv-2669 (LAP), 2010 WL 3958841, at *2 (S.D.N.Y. Sept. 27, 2010) ("Plaintiff's contention that the application was meant to cover each individual work and failure to include those names was an 'inaccuracy' is unpersuasive. This Court will not read section 411 so broadly as to save 'intended' registrations that never were presented to the Copyright Office to begin with." (internal citations omitted)).

Thus, using a copyright application filed strictly for a *sound recording* to pursue a copyright claim regarding a *musical composition*, as here, is not an error – either technical or minor – within the scope of § 411(b)(1). This is not the kind of ministerial "inaccuracy" that § 411(b)(1) is intended to address. *E.g.*, *Stringer v. Richard*, No. 21-cv-00632, 2022 WL 3577413, at *3 (N.D. Ohio Aug. 19, 2022) ("Plaintiffs say they incorrectly selected 'Music Composition,' instead of 'Sound Recording,' when they registered for the copyright thirty years ago. The situation here does not fall under the safe harbor provision [of § 411(b)].");* see also Roberts v. Gordy*, 877 F.3d 1024, 1028-30 (3d Cir. 2014) (stating wrong date of creation and

13

stating that work was unpublished when it was published were non-material inaccuracies that did not invalidate the registration under § 411(b)); *Archie MD, Inc. v. Elsevier, Inc.*, 261 F. Supp. 3d 512, 519-20 (stating work was unpublished when it was published by licensing was a non-material inaccuracy that did not invalidate the registration under § 411(b)).

Indeed, the District Court expressly held, § 411(b) cannot "retroactively expand the scope of [an] existing copyright registration," particularly, where, as here, "there is no dispute about the validity of Plaintiff's sound recording registration" and there is nothing to correct therein. A. 185.

Accordingly, Appellant's contention that the action should be revived so that "[Appellees] may assert § 411(b) challenges to the registration on remand" misapprehends the bar to maintaining this action. App. Brf. at 35. Appellant's copyright registration cannot support his claim because it is for a *sound recording* rather than a *musical composition*, which is the subject of his claim. *Id.*

For similar reasons, Appellant's reliance on *Unicolors* is flawed. There, the Supreme Court confirmed that a copyright registration is "a prerequisite for bringing a 'civil action for infringement,'" and "the application for registration should be accurate." 595 U.S. 178, 181 (2022). Moreover, *Unicolors* observes that § 411(b) may "save [an inaccurate] registration from invalidation" if the applicant "lack[s] knowledge" of an "inaccuracy." *Id.* at 182 (citing 17 U.S.C. § 411(b)(1)).

14

But here, Appellees have not sought to invalidate Appellant's sound recording registration. Indeed, neither party to the action contends that Appellant's sound recording registration is invalid. Rather, the issue here is Appellant's failure to register Appellant's Composition, as it is solely Appellant's Composition that Appellant claims was infringed.

Adopting Appellant's position would create perverse results. If a litigant is entitled to broadly claim that an application for copyright registration was "inaccurate" to avoid the limitations imposed by its express contents, then any copyright claimant could merely claim an "inaccuracy" to add material, after-the-fact, which is outside the registration and that was never registered, whether intentionally or not. That is a paradigm shift that should not be sanctioned by this Court, as it would gratuitously expand the scope of copyright protection to works never registered. Section 411(b) is a limited protection for minor errors in registration, not the wholesale exclusion of registering a work.

Lastly, Appellant cannot plausibly claim he lacked knowledge that his copyright application did not cover his musical composition because the Form SR "LINE-BY-LINE INSTRUCTIONS" unambiguously require an applicant to state if the musical composition embodied in the sound recording is also intended for registration. A. 121-122, 125, 127; U.S. COPYRIGHT OFFICE, CIRCULAR NO. 56A, COPYRIGHT REGISTRATION OF MUSICAL COMPOSITIONS AND SOUND RECORDINGS

15

(Mar. 2021), at 3, https://www.copyright.gov/circs/circ56a.pdf. Appellant failed to follow the instructions and include information to register his musical composition in the SR registration application for Appellant's Recording. And Appellant failed to file a PA registration application to register Appellant's Composition – which he could have – in lieu of including it with the SR registration application. Section 411(b)(1) does not operate to fix Appellant's material, substantive omission, and thus the Complaint was correctly dismissed.

## C.    **The District Court Properly Decided the Claim on the Merits**

The District Court acted within its authority to decide the merits of the copyright infringement claim even though it ruled that no copyright registration existed for Appellant's Composition.

### 1.    **The District Court Acted Within Its Constitutional Authority and Its Decision Is Sound and Pragmatic**

The District Court possessed subject matter jurisdiction to decide this action. Federal courts have exclusive jurisdiction over copyright infringement cases. 28 U.S.C. § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to … copyrights and trademarks."). The parties equally recognized that "the District Court had subject-matter jurisdiction" in this case. App. Brf. at 9; 28 U.S.C. §§ 1331, 1338(a). The District

Court acted within its authority to decide, on the merits, that there was no plausible infringement claim, and this Court can affirm on the same basis.

Despite arguing that Section 411(b) allows him to incorporate, after-the-fact, Appellant's Composition into his existing sound recording registration, Appellant incorrectly contends that Section 411(a) operates as a jurisdictional bar to the District Court's right to decide this case on its merits and precludes it "from instituting the … action." App. Brf. at 24, 28, 37. Appellant misunderstands Section 411(a) and its jurisprudence.

Section 411(a) provides that "no civil action for infringement of the copyright in any United States work shall be *instituted* until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a) (emphasis added). A district court cannot "institute" a copyright action. *United States v. Woodley*, 751 F.2d 1008, 1028 (9th Cir. 1985) ("The courts do not initiate [lawsuits]; rather they react to actions filed by parties."); *Malibu Media, LLC v. Doe*, No. 18-cv-10956 (JMF), 2019 WL 1454317, at *3 n.2 (S.D.N.Y. Apr. 2, 2019) ("[F]or purposes of Section 411(a), an action is 'instituted' only once: when *the plaintiff* files the initial complaint" (citing *Wood v. Allergan, Inc.*, 899 F.3d 163, 172 (2d Cir. 2018)) (emphasis added)).

Further, *In re Literary Works in Electronic Databases Copyright Litigation* (miscited as *Muchnick v. Thomson Corp.*), 509 F.3d 116 (2d Cir. 2007), cited by

17

Appellant, does not hold that merits-based decisions cannot be entertained by a district court until a registration-decision is made under § 411(a). App. Brf. at 28. To the extent it concluded that § 411(a) was a "jurisdictional requirement," it was rejected in *Reed Elsevier, Inc. v. Muchnick*, where the Supreme Court held that the copyright registration requirement is "nonjurisdictional." 559 U.S. 154, 169 (2010). Indeed, Appellant recognizes that § 411(a) is a "claim-processing rule," "not a jurisdictional requirement" under *Reed*. App. Brf. at 37. Thus, § 411(a) does not "govern 'a court's adjudicatory authority,'" meaning a district court has authority, as here, to decide copyright infringement cases. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (quoting *Kontrick v. Ryan*, 540 U.S. 443, 454-55 (2004)).

In any event, *In re Literary Works* is distinguishable because plaintiffs there lacked a registered copyright. Thus, the district court determined it could not reach the merits because no copyright registration existed. In contrast, a valid sound recording copyright registration exists here, but not one for the allegedly infringed musical composition.

### 2. The District Court's Decision to Rule on the Merits of Appellant's Claim Conserves <u>Judicial Resources and Maximizes Efficiency</u>

Appellant contends that the District Court should not have reached the merits of his claim for copyright infringement because it was unnecessary after finding that he failed to obtain a musical composition copyright registration. App. Brf. at 36-41.

18

But courts can and frequently do decide cases on alternative bases. *See*, *e.g.*, *Warner v. Amazon.com, Inc., et al.*, No. 22-cv-05907 (ALC), 2023 WL 6317954, at *8 (S.D.N.Y. Sept. 28, 2023) (dismissing complaint for failure to sufficiently allege access *and* based on lack of substantial similarity); *Adams v. Warner Brothers Pictures Network*, No. 05-cv-5211 (SLT) (LB), 2007 WL 1959022, *3-5 (E.D.N.Y. June 29, 2007) (same), *aff'd*, 289 Fed. App'x 456 (2d Cir. 2008).

Courts have frequently made merits-based decisions after finding that the plaintiff lacked a valid copyright registration. *See*, *e.g.*, *Brown v. Twitter*, 19-cv-6328 (KPF), 2021 WL 3887611, at *7 (S.D.N.Y. Aug. 31, 2021) ("Here, Plaintiff has not alleged ownership over any registered copyright … Moreover, the TAC does not include any specific allegations of infringement by any of the Defendants."); *Pickett v. Migos Touring, Inc.*, 420 F. Supp. 3d 197, 205-06 (S.D.N.Y. 2019) ("Because Plaintiff did not register a musical composition before initiating this lawsuit, the complaint must be dismissed. … Even if Plaintiff were not statutorily barred from bringing this action, dismissal would be warranted because there is no protectable similarity between the two works at issue."); *Rudkowski v. MIC Network, Inc.*, No. 17-cv-3647 (DAB), 2018 WL 1801307, at *3 (S.D.N.Y. Mar. 23, 2018); *Eng v. Baldwin*, No. 14-cv-1644 (ENV), 2014 WL 2465763, at *2 n.4 (E.D.N.Y. May 30, 2014); *Lumetrics, Inc. v. Blalock*, 23 F. Supp. 3d 138, 143-49 (W.D.N.Y. 2014).

Deciding cases on alternative grounds is routine, efficient, and necessary to avoid inconsistent results. If a district court decides a case only on one of several available grounds, *e.g.*, lack of jurisdiction but not failure to adequately plead the elements of a claim (*e.g.*, substantial similarity), it creates inefficiencies and wastes judicial resources, forcing a district court, on remand, to address meritless issues it could have addressed earlier rather than in sequential motions.[4]

Appellant's invocation of the principles of judicial restraint is inapplicable here. That doctrine is most-often applied when a constitutional issue arises. A court should refrain from deciding such issues if it is unnecessary to the disposition of the case. *See*, *e.g.*, *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 443 (2008) ("[T]he fundamental principle of judicial restraint that courts should neither anticipate a *question of constitutional law* in advance of the necessity of deciding it nor *formulate a rule of constitutional law* broader than is required by the precise facts to which it is to be applied" (internal citations and quotations omitted) (emphasis added)); *Mullins v. City of New York*, 626 F.3d 47, 56 (2d Cir. 2010) ("[P]rinciples of judicial restraint caution us to avoid reaching *constitutional*

---

[4] Appellant's reliance on *Foss v. Eastern States Exposition*, 67 F.4th 462 (1st Cir. 2023), is misdirected. There, the Court was addressing the preclusive effect of a decision decided on alternative grounds in a different case. *Id.* at 466. That case did not hold that it is improper for a district court to decide cases on alternative grounds, which is routinely done. *See*, *supra*, 19-20.

20

*questions* when they are unnecessary to the disposition of a case." (quoting *Higazy v. Templeton*, 505 F.3d 161, 179 n.19 (2d Cir. 2007) (citing cases) (emphasis added)). There are no constitutional issues present here that warrant such avoidance.

Appellant's purportedly contrary authority, *Miller v. Metropolitan Life Insurance Co.*, 979 F.3d 118 (2d Cir. 2020), is inapposite and refutes his argument that the District Court should not have decided the case on the merits. There, the court declined to resolve "complex" and "difficult jurisdictional questions" because the claims were time-barred and could easily be decided on that ground alone, demonstrating that courts can reach merits-based issues (*e.g.*, statute of limitations) even where, for example, personal jurisdiction is absent. *Id.* at 122-23. While the *Miller* court exercised its discretion to avoid a complex jurisdictional question, it nowhere held that courts cannot decide cases on alternative grounds. And here, subject matter jurisdiction is not disputed. *See*, *supra*, Section I.C.1.

The District Court's decision to proceed to the merits of the copyright infringement claim is consistent with the principles of conservation of judicial time and resources and promotion of efficiency. Were this Court to determine that the District Court should not have reached the merits, despite having both works before it, the facts will not change: the allegedly infringed elements in Appellant's Composition will remain substantially unprotectable and the Challenged

Composition will remain substantially dissimilar to Appellant's Composition. Thus, the District Court correctly decided the merits here.[5]

### POINT II

### APPELLANT FAILED TO PLEAD COPYRIGHT INFRINGEMENT AND THE DISTRICT COURT CORRECTLY FOUND THE MUSICAL COMPOSITIONS WERE NOT SUBSTANTIALLY SIMILAR

Even assuming Appellant's Composition was registered, which it was not, the District Court had the two musical compositions at issue before it, was positioned to compare them, and correctly held that the Complaint failed to allege actionable *copying of protectable elements* of Appellant's Composition. A. 186-91; *see Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991).

To plead copyright infringement, a plaintiff must allege plausible facts showing that: (a) defendant had access to the copyrighted work, and (b) substantial similarities exist between *protectable elements* of the works at issue. *See Abdin v.*

---

[5] Notably, the court below construed the Complaint liberally and afforded Appellant the benefit of all reasonable inferences when it found no substantial similarity between the works at issue. A. 175 (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). In reaching its decision, the District Court disregarded any "legal conclusion[s] couched as [] factual allegation[s]." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Important here, the District Court recognized that "the works themselves supersede and control contrary descriptions of them, including any contrary allegations, conclusions or descriptions of the works contained in the pleadings." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (internal quotations and citations omitted).

*CBS Broad. Inc.*, 971 F.3d 57, 66 (2d Cir. 2020); *Pyatt v. Raymond*, No. 10-cv-8764 (CM), 2011 WL 2078531, at *4-5 (S.D.N.Y. May 19, 2011), *aff'd*, 462 F. App'x 22 (2d Cir. 2012); *Arica Inst., Inc. v. Palmer*, 761 F. Supp. 1056, 1064 (S.D.N.Y. 1991); *see also Clanton v. UMG Recordings, Inc.*, No. 20-cv-5841 (LJL), 2021 WL 3621784, at *3 (S.D.N.Y. Aug. 16, 2021). Appellant did not sufficiently allege either element.

### A. Appellant's Failure to Sufficiently Allege Access Is an Independent Ground to Affirm the Judgment Below

Although not addressed in the District Court's ruling, the Complaint failed to state a claim for copyright infringement because Appellant did not sufficiently plead that any of the creators of the Challenged Composition had "access" to Appellant's Composition. This is an independent ground on which the District Court's dismissal of the Complaint can and should be affirmed.

To allege access, Appellant was required to allege specific facts showing a "reasonable possibility," and not just a "bare possibility," that a creator of the Challenged Composition listened to Appellant's Composition. *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003) (quoting *Gaste v. Kaiserman*, 863 F.2d 1061, 1066 (2d Cir. 1988)). "Speculati[on]" is "inadequate." *Wager v. Littell*, 549 F. App'x 32, 33 (2d Cir. 2014) (summary order). Access requires allegations of "either (1) a particular chain of events … by which the defendant might have gained

23

access to the work; or (2) facts showing that plaintiff's work was widely disseminated, such that access can be inferred." *Clanton v. UMG Recordings, Inc.*, 556 F. Supp. 3d 322, 328 (S.D.N.Y. 2021) (internal citations and quotations omitted). Neither is alleged here.

The Complaint's allegations only speculate that posting Appellant's Recording to streaming services may have allowed Appellees to copy Appellant's Composition. A. 18-19, 28. However, it is well-settled that merely alleging that the work at issue is available on the Internet is insufficient to allege access as a matter of law. *See*, *e.g.*, *Cates v. Schlemovitz*, No. 21-cv-00805 (AMN) (ML), 2023 WL 6200196, at *6 (N.D.N.Y. Sept. 22, 2023); *Clanton*, 556 F. Supp. 3d at 328; *O'Keefe v. Ogilvy & Mather Worldwide, Inc.*, 590 F. Supp. 2d 500, 515 (S.D.N.Y. 2008). And, Appellant makes no attempt to allege a "chain of events" linking any of the creators of the Challenged Composition to his work, because it does not exist.

The Complaint's allegations of access are nothing more than rank "speculation," which is insufficient as a matter of law, and this Court can affirm on that basis alone. *See Adams*, 289 Fed. App'x at 457 (summary order) (affirming dismissal "[o]n *de novo* review" where the complaint "failed to plead facts sufficient to demonstrate the copying element of an infringement claim" because "no inference of access can be drawn from [the] pleadings").

**B. The District Court Held That the Two Musical Compositions at Issue Are Not Substantially Similar, Which Is an Independent Ground on Which This Court Can Affirm the Judgment Below**

The District Court correctly determined that the musical compositions at issue are not substantially similar, warranting dismissal of the Complaint.[6] A district court "may evaluate a question of substantial similarity at the motion to dismiss stage … because what is required is only a visual [or aural] comparison of the works." *McDonald v. West*, 138 F. Supp. 3d 448, 454 (S.D.N.Y. 2015) (quoting *Gaito*, 602 F.3d at 64).

Copyright infringement claims must be dismissed if "the similarity between two works concerns only non-copyrightable elements …, or because no reasonable jury, properly instructed, could find … substantial[] similar[ity]." *Gaito*, 602 F.3d at 63; *see*, *e.g.*, *Lane v. Knowles-Carter*, No. 14-cv-6798 (PAE), 2015 WL 6395940, at *4-7 (S.D.N.Y. Oct. 21, 2015); *Edwards v. Raymond*, 22 F. Supp. 3d 293, 298-301 (S.D.N.Y. 2014); *Pyatt*, 2011 WL 2078531, at *6-10; *Buckman v. Citicorp*, No. 95-cv-0773 (MBM), 1996 WL 34158, at *3 (S.D.N.Y. Jan. 30, 1996).

---

[6] Appellant's inability to plead direct copyright infringement required the District Court's dismissal of the contributory and vicarious infringement claims. *See Faulkner v. Nat'l Geographic Enters. Inc.*, 409 F.3d 26, 40 (2d Cir. 2005); *Alexander v. Murdoch*, No. 10-cv-5613 (PAC) (JCF), 2011 WL 2802899, at *17 (S.D.N.Y. May 27, 2011). In any event, those claims were alleged in conclusory fashion, rendering them implausible in violation of the *Iqbal* pleading standards. A. 45, ¶¶ 86-87; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hartmann v. Amazon.com, Inc.*, No. 20-cv-4928 (PAE), 2021 WL 3683510, at *9 (S.D.N.Y. Aug. 19, 2021).

This Circuit employs the "ordinary observer test," which compares the "total concept and overall feel" of two songs "as instructed by [a judge's] good eyes and common sense." *Edwards*, 22 F. Supp. 3d at 300-01 (quoting *Gaito*, 602 F.3d at 66). In applying that test, a district court must "eliminate the unprotectable elements from consideration and compar[e] only the *protectable elements* for substantial similarity." *Lone Wolf McQuade Assocs. v. CBS Inc.*, 961 F. Supp. 587, 592 (S.D.N.Y. 1997) (emphasis added).

### 1. <u>Legal Standards for Protectability</u>

Because "[n]ot every portion or aspect of a copyrighted work is given copyright law's protection," "[c]opying [unprotected] aspects of a work is not wrongful, and thus *not all copying is wrongful.*" *Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 100 (2d Cir. 2014) (emphasis adjusted); *see also Abdin*, 971 F.3d at 66. As such, "the term 'substantial similarity' is properly reserved for similarity that exists between the *protected* elements of a work and another work." *Zalewski*, 754 F.3d at 101 (emphasis added).

When assessing whether wrongful copying exists, a district court "must attempt to extract the unprotectible elements," and the question for the jury of whether wrongful copying exists turns on "whether the protectible elements, standing alone, are substantially similar." *Gaito*, 602 F.3d at 66 (quoting *Knitwaves, Inc. v. Lollytogs Ltd. (Inc.)*, 71 F.3d 996, 1002 (2d Cir. 1995)). Further, in cases such

26

as this one, where a plaintiff predicates its infringement claim on a selection and arrangement of unprotectable elements, significant additional requirements exist, as detailed below (which have not been met here).

"Although there is generally a low bar for originality in copyright, given the limited number of notes and chords available to composers, and because common themes frequently reappear in various compositions, many if not most of the elements that appear in popular music are not individually protectable." *Gray v. Perry*, No. 15-cv-05642 (CAS), 2020 WL 1275221, at *4 (C.D. Cal. Mar. 16, 2020) (citations and quotations omitted), *aff'd sub nom. Gray v. Hudson*, 28 F. 4th 87 (9th Cir. 2022); *see also Gaste*, 863 F.2d at 1068 ("[W]e are mindful of the limited number of notes and chords available to composers … common themes frequently reappear in various compositions, especially in popular music").

Despite "the famously low bar for originality," *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1069 (9th Cir. 2020), *cert. denied* 208 L. Ed. 2d 145 (Oct. 5, 2020), *reh'g denied*, 208 L. Ed. 2d 482 (Dec. 7, 2020), "[t]rivial elements of compilation and arrangement … fall below the threshold of originality." *United States v. Hamilton*, 583 F.2d 448, 451 (9th Cir. 1978); *accord Satava v. Lowry*, 323 F.3d 805, 811-12 (9th Cir. 2003).

As the District Court correctly recognized, unprotectable musical building blocks are not protectable, such as tempos; themes; individual notes, words and short

27

phrases; common rhythms and melodies; song structures; and harmonic progressions. A. 177. *See*, *e.g.*, *McDonald*, 138 F. Supp. 3d at 454 (the "basic building blocks of music, including tempo and individual notes[,] or "[w]ords and short phrases, including titles and slogans" are not protectable), *aff'd*, 669 F. App'x 59 (2d Cir. 2016); *see also Guity v. Santos*, No. 18-cv-10387 (PKC), 2019 WL 6619217, at *5 (S.D.N.Y. Dec. 5, 2019), *recons. den.*, No. 18-cv-10387 (PKC), 2020 WL 4340417 (S.D.N.Y. July 28, 2020); *Jean v. Bug Music, Inc.*, No. 00-cv-4022 (DC), 2002 WL 287786, at *6 (S.D.N.Y. Feb. 27, 2002); *Tisi v. Patrick*, 97 F. Supp. 2d 539, 548 (S.D.N.Y. 2000); *Intersong-USA v. CBS, Inc.*, 757 F. Supp. 274, 282 (S.D.N.Y. 1991).

### 2. The District Court Properly Found That the Compositional Elements at Issue <u>Were Not Protectable or Remotely Similar</u>

In dismissing the Complaint, the District Court properly found that the elements Appellant alleged were copied from Appellant's Composition were either unprotectable elements because they were so basic and unoriginal (when considered either individually or combined), or they were not substantially similar to anything in the Challenged Composition. A. 186-90.

The Complaint alleges that the Appellant's work contains a "distinct and unique vocal cadence, delivery, rhythm, timing, phrasing, meter and/or pattern" or "flow." A. 28-29. Distilled to its core, this list describes one unprotectable music

building block known as triplet notes – a "one-two-three" cadence – that is ubiquitous to trap music.[7] Triplets, meter, and tempo are not original, and therefore, as a matter of law, are unprotectable. *Intersong-USA*, 757 F. Supp. at 282 ("common elements are found in many other well-known songs … constitute 'scenes a faire,' or ordinary, unprotectible expression"); *McDonald*, 138 F. Supp. 3d at 457-58 (finding no substantial similarity where songs used vocal ad libs, a similar feel and tone, tempos … percussion, melisma, melodic eight-bar sections, and the similar lyrics "made in America" or "we made it in America"); *Lane*, 2015 WL 6395940, at *5 ("courts have found the following elements … to be non-copyrightable … meter and tempo … ").

Furthermore, "vocal cadence," "delivery," and "flow" are performance elements based on a *vocal style or performance of the chorus*, which are unprotectable and not part of a musical composition, the work at issue here. *Rose v. Hewson*, No. 17-cv-1471 (DLC), 2018 WL 626350, at *7 (S.D.N.Y. Jan. 30, 2018) (in assessing "infringement of a musical composition, a court … does not consider elements of performance of the composition").

---

[7] A "triplet" is a "group of three notes to be performed in the time of two of the same kind, or in the time of any number of another kind." *See* 25 THE NEW GROVE DICTIONARY OF MUSIC AND MUSICIANS 745 (Stanley Sadie ed., 2d ed. 2001). A "triplet flow" is commonly used in "trap" music, a sub-genre of hip hop that originated in the early 1990s. Trap Music, WIKIPEDIA, https://en.wikipedia.org/wiki/Trap_music (last accessed Nov. 6, 2023).

Appellant's contentions regarding the "structure," "lyric," and "lyrical theme" of Appellant's Composition also cannot support an infringement claim. Appellant does not describe – let alone explain – how the compositional "structure" of his composition is original or protectable. App. Brf. at 55. And the District Court recognized that Appellant's "lyrical theme" of a "boastful rapper" is unprotectable.[8] A. 189; *see, e.g.*, 17 U.S.C. § 102(b); *Reyher v. Children's Television Workshop*, 533 F.2d 87, 91 (2d Cir. 1976); *McDonald*, 138 F. Supp. 3d at 455 ("Themes fall into the category of uncopyrightable ideas."); *DiTocco v. Riordan*, 815 F. Supp. 2d 655, 666 (S.D.N.Y. 2011); *Lewinson v. Henry Holt and Co., LLC*, 659 F. Supp. 2d 547, 566 (S.D.N.Y. 2009); *Hudson v. Universal Studios, Inc.*, No. 04-cv-6997 (GEL), 2008 WL 4701488, at *2 (S.D.N.Y. Oct. 23, 2008), *aff'd*, 369 F. App'x 291 (2d Cir. 2010); *see also Robinson v. Nayvadius Wilburn, LLC*, No. 21-cv-03585 (MMP), 2023 WL 5509324, at *4 (N.D. Ill. Aug. 25, 2023) (finding "thematic elements" "frequently present in hip-hop and rap music" "receive no protection").

---

[8] The District Court observed that the theme of each work was markedly different: "Plaintiff's Composition is a short, simple, self-aggrandizing proclamation with Plaintiff stating repeatedly: 'I'm made in America,' [] alert[ing] rappers of Plaintiff's arrival [] and his success,' 'attribut[ing] his success, and the envy it creates to his record sales' but 'recogniz[ing] his celebrity and swagger pose dangers from the' police. By contrast, 'the Challenged Composition is not about a rapper, but' 'addresses contemporary America, what America means and how it is perceived,' and is 'anchored by the common phrase 'This is America.''" A. 190 (internal citations omitted); DA. 118-122.

The lyrics in Appellant's Composition and the Challenged Composition are not remotely similar. The District Court correctly found that a "cursory comparison … reveals that the content of the choruses is entirely different and not substantially similar." A. 189. The sole lyrical similarity – the shared use of the lyric "America," a proper name, has no legal significance. *See*, *supra*, at 8. "Words and short phrases such as names, titles, and slogans" are not copyrightable. 37 C.F.R. § 202.1(a); *see also*, *e.g.*, *Peters v. West*, 692 F.3d 629, 635 (7th Cir. 2012); *McDonald*, 138 F. Supp. 3d at 456; *Chapman v. Universal Motown Records Grp.*, No. 08-cv-3255 (LAP), 2010 WL 517480, at *4 (S.D.N.Y. Feb. 4, 2010). Neither is the repetition of a common element protectable. *See*, *e.g.*, *Edwards*, 22 F. Supp. 3d at 300; *see also Hobbs v. John*, 722 F.3d 1089, 1096 (7th Cir. 2013); *Gray*, 2020 WL 1275221, at *5.

Finally, the Complaint does not allege any similarities between the musical notes or melodies of the two compositions (indeed, Appellant's Composition contains no melody at all), and an ordinary observer can hear that the "total concept and overall feel" of the two sound recordings are markedly different. While Appellant's Composition, which has no melody, is entirely rapped with a looped background track combined with a sample from the movie "Carlito's Way," the

31

Challenged Composition is a combination of rapped verses and singing that is set to various melodies spanning more than three minutes. A. 109 n.2.[9]

In short, all of the elements Appellant has attempted to conjure up or describe are either unprotectable or so dissimilar as to preclude any plausible allegation of substantial similarity.

### 3. Appellant's *"Hail Mary"* Selection and Arrangement Claim Fails as a Matter of Law

Lacking any individual elements of protectable expression in his musical composition, Appellant resorts to a "selection and arrangement" argument. Appellant contends that his collection of unprotectable elements are protectable because of the manner in which he selected and arranged them, which he alleges was copied in the Challenged Composition. App. Brf. at 17, 56-57. While Appellant argues selection and arrangement, he does not articulate the test, much less demonstrate how his collection of unprotectable elements meet that test.[10]

---

[9] To the naked ear, the songs are obviously different. Appellant's Composition is dominated by a synth xylophone with sub-bass and electronic drums. There are no other background rap or vocal performances in the work. In contrast, the Challenged Composition is both sung and rapped, has no synth xylophone, and incorporates choir singing, shouted/rapped background vocals, synth lead, sub-bass, electronic drums, and acoustic percussion samples.

[10] Appellant suggests that *Feist*, *supra*, holds that any combination of unprotectable elements becomes protectable if it "simply possesses a 'modicum' of creativity." A. 56. It does not state so, and that argument is contrary to case law.

### (a)  <u>The Selection and Arrangement Test</u>

There are significant additional requirements that a plaintiff must satisfy when it seeks to extend a copyright monopoly over elements that are otherwise unprotectable. The Supreme Court has instructed that a selection and arrangement of unprotected elements is not entitled to copyright protection when it is "so mechanical or routine as to require no creativity whatsoever." *Feist*, 499 U.S. at 362.

Even where sufficient originality exists, the Supreme Court mandates that infringement of a combination of unprotectable elements will not be found unless "the competing work" features "the *same* selection and arrangement." *Id.* (emphasis added); *accord Tufenkian Imp./Exp. Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 136 (2d Cir. 2003) (quoting *Feist*, 499 U.S. at 362); *Beaudin v. Ben & Jerry's Homemade, Inc.*, 95 F.3d 1, 2 (2d Cir. 1996) ("Where the quantum of originality is slight and the resulting copyright is 'thin,' infringement will be established only by very close copying because the majority of the work is unprotectable" (citation omitted)).

Although expressed slightly differently, the Ninth Circuit has adopted the same selection and arrangement test, but requiring the elements to be "virtually identical" in both works. *Skidmore*, 952 F.3d at 1080. It also imposes two additional requirements to ensure that the selection and arrangement is original: (i) the selection

33

and arrangement must include sufficiently "numerous" elements,[11] and (ii) the combination must be "new" and "novel." *Id.* at 1074-75.

These additional requirements are necessary to encourage creativity and promote the aims of the Copyright Act and the Intellectual Property Clause of the U.S. Constitution by ensuring that future composers can build upon the common building blocks of unprotectable existing musical elements to create new works. *See* U.S. Const. art. I § 8, cl. 8 (the goal of copyright law is "[t]o promote the Progress of Science and useful Arts"); *Feist*, 499 U.S. at 354; *see also Gaste*, 863 F.2d at 1068.

While this Court may not express these additional requirements exactly the same, the Ninth Circuit's articulation of the "numerous" requirement furthers the purpose of the Copyright Act and harmonizes with *Feist* and this Court's selection and arrangement jurisprudence. *See, e.g., Feist*, 499 U.S. at 349, 362; *Tufenkian*, 338 F.3d at 136 ("For the defendant may infringe … also by *parroting properties* that are apparent only when *numerous aesthetic decisions* embodied in the plaintiff's

---

[11]  *Merriam-Webster* identifies "few" as an antonym for "numerous" and correspondingly defines "few" to mean "a small number of units or individuals." *See numerous*, MERRIAM-WEBSTER, https://www.merriam-webster.com/thesaurus/numerous (last accessed Nov. 6, 2023); *few*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/few (last accessed Nov. 6, 2023). Two or even three elements are not "great in number" but instead are "few," the opposite of numerous.

34

work of art - the excerpting, modifying, and arranging of public domain compositions, if any, together with the development and representation of wholly *new motifs ...* - are considered in relation to one another."); *Matthew Bender & Co. v. W. Pub. Co.*, 158 F.3d 674, 682-83 (2d Cir. 1998); *Kregos v. Associated Press*, 937 F.2d 700, 704-05 (2d Cir. 1991). At least one district court in this Circuit has endorsed the Ninth Circuit articulation. *See Threeline Imports, Inc. v. Vernikov*, No. 15-cv-02333 (AMD) (RML), 2016 WL 11472749, at *13 (E.D.N.Y. Oct. 28, 2016).[12]

### (b)  Appellant Fails the Selection and Arrangement Test

Appellant's selection and arrangement claim is based on, at most, three unprotectable elements: (1) the "boastful rapper" theme in the choruses; (2) the use of "America" in combination with other words; and (3) the vocal "cadence," "flow," or rhythmic delivery of the chorus lyrics.[13] In granting dismissal, the District Court compared the two works at issue and easily determined that no claim was stated.

---

[12] The *Tufkenian* court also recognized that in such selection and arrangement cases that the combination of unprotectable elements must contain "new motifs," which view aligns comfortably with the Ninth Circuit's "new" requirement. 338 F.3d at 136.

[13] While Appellant argues the District Court made "sweeping factual findings" on "ten elements" that he claims were combined, this deception was exposed by the Court under the single banner of "flow," which is a *performance element*, not a compositional element. A. 188.

First, Appellant failed to satisfy the "numerosity" requirement. The overwhelming weight of authority requires that there must be at least four or five distinct elements combined together in a coherent, purposeful, fashion to satisfy that requirement. *See*, *e.g.*, *Structured Asset Sales, LLC v. Sheeran*, No. 18-cv-5839 (LLS), __ F. Supp. 3d __, 2023 WL 3475524, at *4-6 (S.D.N.Y. May 16, 2023) (two elements insufficient); *Beyond Blond Prods., LLC v. Heldman*, 479 F. Supp. 3d 874, 883 (C.D. Cal. 2020), *aff'd sub nom. Beyond Blond Prods., LLC v. ComedyMX, LLC*, No. 21-55990, 2022 WL 1101756 (9th Cir. Apr. 13, 2022) (same); *Smith v. Weeknd*, No. 19-cv-2507 (PA), 2020 WL 4932074, at *7 (C.D. Cal. July 22, 2020), *aff'd sub nom. Clover v. Tesfaye*, No. 20-55861, 2021 WL 4705512 (9th Cir. Oct. 8, 2021) (three elements insufficient); *Morrill v. Stefani*, 338 F. Supp. 3d 1051, 1061 (C.D. Cal. 2018) (three elements insufficient); *Peters v. West*, 776 F. Supp. 2d 742, 751 (N.D. Ill. 2011), *aff'd* 692 F.3d 629 (7th Cir. 2012) (three elements insufficient); *Cottrill v. Spears*, No. 02-cv-3646 (BMS), 2003 WL 21223846, at *9 (E.D. Pa. May 22, 2003), *aff'd*, 87 F. App'x 803 (3d Cir. 2004) (four elements insufficient).

Here, there are only two compositional elements alleged: different chorus lyrics juxtaposed with the unprotectable word "America," and a common lyrical theme about "boastful rappers." A. 189. Even if "flow" or "rhythmic cadence" could be considered a compositional element – which it is not – it would, at most, amount to three unprotectable elements being alleged in combination here. That is

36

insufficient, as a matter of law, to sustain a selection and arrangement claim.

Second, Appellant's alleged selection and arrangement is neither "new" nor "novel." *Levine v. McDonald's Corp.*, 735 F. Supp. 92 (S.D.N.Y. 1990). Indeed, he has failed to provide any analysis, authority, or reasoning for why the particular selected and arranged elements here rise to the level of original, protectable (or even similar) expression. *See*, *e.g.*, *Litchfield v. Spielberg*, 736 F.2d 1352, 1356 (9th Cir. 1984) ("We are particularly cautious where, as here, [a] list emphasizes random similarities scattered throughout the works"); *Washington v. ViacomCBS, Inc.*, No. 20-cv-0435 (CBM), 2020 WL 5823568, at *4 (C.D. Cal. Aug. 20, 2020) (rejecting claim because "Plaintiff fails to explain how th[e] elements are 'particularly selected and arranged' in a manner different than commonplace elements or a random selection thereof").

Third, Appellant has not shown and cannot show that the alleged selection and arrangement is the "same" or "virtually identical" in both works. Beginning with the fact that neither work sounds remotely similar – let alone identical – any potentially protectable element between them is different, and even those that are unprotectable are different except for the lyric "America" and the commonplace triplet note musical device. For these reasons, the District Court predictably found that the works were not substantially similar.

**C.** **The District Court Correctly Applied the "Ordinary Observer Test"**

In applying the "ordinary observer test," the District Court correctly identified the elements claimed by Appellant to be similar between the works at issue and found them all to be dissimilar. *See Attia v. Soc'y of New York Hosp.*, 201 F.3d 50, 58 (2d Cir. 1999) ("Where, as here, a defendant's work is dissimilar in the very respects in which it is claimed to be similar, that can obviously influence the conclusion as to whether the claimed similarity in fact exists or is substantial.").[14]

Appellant's assertion that anonymous "ordinary listeners" and "experts" allegedly commented that the Challenged Composition took "expression" from Appellant's Composition, "including its flow," cannot overcome the complete dissimilarity between the protectable elements in each composition. App. Brf. at 58. Indeed, that Appellant garnered less than a handful of isolated opinions regarding the alleged copying, assuming they are even genuine, demonstrates the absence of substantial similarity between the works. A. 54-57.

Appellant also maintains that error was committed because the District Court supposedly faulted Appellant for failing "to account for 'prior art' when pleading" his copyright infringement claim. App. Brf. at 42. But that is inaccurate because the

---

[14] Appellant relies on one out-of-circuit opinion, *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 851 (9th Cir. 2012). That case is inapposite because that court criticized lower courts for *ignoring objective similarities*, which is the opposite of what the District Court did here.

District Court never "misplaced the burden of proof," as Appellant claims, *id.*, but rather, examined the two works at issue and found that the alleged similarities, namely, the lyrics, lyrical themes, and "flow" or "cadence" of the choruses were dissimilar on their face and/or unprotectable musical building blocks that no one can own.[15] A. 59-74, 154. Far from applying a higher burden to Appellant's claim, the District Court considered the prior art identified by *Appellee* and found it rebutted Appellant's copyright infringement claim.

Lastly, Appellant contends that the District Court erred by finding that "total triplet flow" was not "original because 'prior art' and 'other songs' used that flow too." App. Brf. at 45. But as Appellees argued in the District Court, "flow" is not unprotectable merely because it is within the body of prior art; rather, it is unprotectable because it is a commonplace musical building block. A. 148 (citing *Intersong-USA*, 757 F. Supp. at 282).

---

[15] The Court properly rejected Appellant's "musicologist report" that opined that the works at issue were substantially similar based on their use of "total triplet flow." Experts are not qualified or permitted to opine on protectability or substantial similarity; indeed, Appellant's own case authority acknowledges that "expert … testimony is of questionable value in predicting whether a reasonable juror would find two works similar." *Pyatt v. Jean*, No. 04-cv-3908 (TCP) (AKT), 2006 WL 8440910, at *4-5 (E.D.N.Y. Aug. 29, 2006); A. 167.

## <u>CONCLUSION</u>

For all the foregoing reasons, the Court should affirm the District Court's final judgment, dismissing the Complaint with prejudice in all respects.

Dated: November 6, 2023                    JONATHAN D. DAVIS, P.C.


By:    */s/ Jonathan D. Davis*
       Jonathan D. Davis
       Alyssa M. Pronley
       Anthony C. LoMonaco

       PRYOR CASHMAN LLP


By:    */s/ Ilene S. Farkas*
       Ilene S. Farkas
       Donald S. Zakarin

       QUINN EMANUEL
       URQUHART        &
       SULLIVAN LLP


By:    */s/ Alex Spiro*
       Alex Spiro
       Paul B. Maslo

40

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief contains 9,059 words, excluding the portions exempt from the word count. This brief was prepared in Microsoft Word using Times New Roman 14-point font.

Dated: November 6, 2023                                     JONATHAN D. DAVIS, P.C.


By:     */s/ Jonathan D. Davis*
                         Jonathan D. Davis

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing was filed with the Clerk of the Court for the United States Court of Appeals for the Second Circuit via the appellate CM/ECF system. Participants in this case who are registered CM/ECF users have been served via the appellate CM/ECF system.

Dated: November 6, 2023                                     JONATHAN D. DAVIS, P.C.


                                                    By:      */s/ Jonathan D. Davis*
                                                            Jonathan D. Davis