UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| EMELIKE NWOSUOCHA,<br><br>*Plaintiff,*<br><br>– against –<br><br>DONALD MCKINLEY GLOVER, II, et. al,<br><br>*Defendants*. | Docket #: 23-703<br><br>Appeal From: 1:21-cv-04047 (VM) |

**DEFENDANTS-APPELLEES' OPPOSITION TO APPELLANT'S MOTION FOR LEAVE TO BRING ELECTRONIC DEVICES INTO THE <u>COURTROOM DURING ORAL ARGUMENT</u>**

Defendants-Appellees Donald McKinley Glover, II, Jeffrey Lamar Williams, Kobalt Music Publishing America, Inc. d/b/a Songs of Kobalt Music Publishing, Sony Music Entertainment, Young Stoner Life Publishing, LLC, 300 Entertainment LLC (f/k/a Theory Entertainment LLC d/b/a 300 Entertainment), Atlantic Recording Corporation, Warner-Tamerlane Publishing Corp., Songs of Universal, Inc., and Roc Nation Publishing LLC d/b/a Songs of Roc Nation (collectively, "Appellees") respectfully oppose one prong of the eleventh-hour motion of Plaintiff-Appellant Emelike Nwosuocha ("Appellant") to bring electronic devices into the courtroom during oral argument (ECF 141, the "Motion").

Appellant seeks permission to bring different electronic devices into the courtroom for two distinct purposes. *First*, Appellant requests leave to bring "each

1

counsel's laptop (with chargers, mouse, *etc.*)" into the courtroom (Motion at 1) for the purposes of "avoid[ing] the burden and expense of substantial printing" of the appellate record and navigating the record more efficiently. (*Id.* at 2.) Appellees do not oppose this portion of the Motion, which Appellant was told yesterday.

*Second*, Appellant requests leave to bring "an electronic audio-playback device" into the courtroom for the playing of audio files. (*Id.* at 1.) Appellees oppose this portion of the Motion.

There is a Record on Appeal in this case. Appellant is not entitled to supplement the Record with whatever audio files or audio performances it contemplates presenting to this Court. In this regard, Appellant has completely failed to identify – in both his last minute correspondence to Appellees and in the Motion itself – what he contemplates playing at the argument of this matter.

The works at issue are in the Record. A. 109 n.2. If what Appellant contemplates playing is exactly what is already in the Record, then it is unnecessary as it is in the Record and available to the Panel. If what Appellant contemplates playing are selected, limited segments, or snippets of the works (the Motion references only "portions of the songs," Motion at 1) and/or manipulated versions that emphasize particular elements of the works (the Motion references only "certain aspects of the two songs," *id.*) – in other words, something other than what is part of the Record – that is entirely improper. The Panel has before it exactly what the

2

District Court had available to it. Appellant is not entitled to create a new record on which to try to mount a challenge to the District Court's findings.[1]

## CONCLUSION

For the foregoing reasons, Appellees respectfully submit that the Motion should be denied to the extent Appellant seeks leave to bring "an electronic audio-playback device" into the courtroom in order to play audio files during oral argument.

Dated: New York, New York
      April 12, 2024

JONATHAN D. DAVIS, P.C.

By: */s/ Jonathan D. Davis*
    Jonathan D. Davis
    Alyssa M. Pronley
    Anthony C. LoMonaco

PRYOR CASHMAN LLP

By: */s/ Ilene S. Farkas*
    Ilene Farkas
    Donald S. Zakarin

QUINN EMANUEL URQUHART & SULLIVAN LLP

---

[1] Appellant's position on this Motion that the "central" issue on this appeal relies on a comparison of the works contradicts his argument that the District Court lacked jurisdiction to reach this issue when it found that Appellant failed to register the musical composition at issue (having registered only a sound recording copyright and there is no claim based on this sound recording). (*Id.*) To the extent the Court reaches that issue, it should do so on the Record, not on something Appellant now wants to unilaterally add to the Record.

By: */s/ Alex Spiro*
Alex Spiro
Paul B. Maslo

*Attorneys for Defendants-Appellees*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing memorandum of law complies with FRAP 27 and Local Rule 27, because it contains 622 words. In preparing this certification, I have relied on the word processing software used to prepare this document. This brief was prepared in Microsoft Word using Times New Roman 14-point font.

Dated: April 12, 2024                               JONATHAN D. DAVIS, P.C.


                                                    */s/ Jonathan D. Davis*
                                                    Jonathan D. Davis

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed with the Clerk of the Court for the United States Court of Appeals for the Second Circuit via the appellate CM/ECF system. Participants in this case who are registered CM/ECF users have been served via the appellate CM/ECF system.

Dated: April 12, 2024                             JONATHAN D. DAVIS, P.C.

                                                  By:   */s/ Jonathan D. Davis*
                                                        Jonathan D. Davis