# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

1   At a stated term of the United States Court of Appeals for the Second Circuit,
2   held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of
3   New York, on the 10th day of May, two thousand twenty-four.
4
5   PRESENT:
6           DENNIS JACOBS,
7           MICHAEL H. PARK,
8           ALISON J. NATHAN,
9           *Circuit Judges.*
10  _____
11
12  Emelike Nwosuocha,
13
14          *Plaintiff-Appellant,*
15
16          v.                23-703
17
18  Donald McKinley Glover, II, Sony Music
19  Entertainment, Young Stoner Life Publishing
20  LLC, Kobalt Music Publishing America, Inc.,
21  DBA Songs of Kobalt Music Publishing, Theory
22  Entertainment LLC, DBA 300 Entertainment,
23  Atlantic Recording Corporation, Roc Nation
24  Publishing LLC, DBA Songs of Roc Nation, Songs
25  of Universal, Inc., WarnerTamerlane Publishing
26  Corp., Ludwig Emil Tomas Göransson, Jefferey
27  Lamar Williams,
28
29          *Defendants-Appellees.*<sup>*</sup>
30  _____

<sup>*</sup> The Clerk of Court is respectfully directed to amend the caption accordingly.

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | GREGORY KEENAN, Digital Justice Foundation, Floral Park, NY (Andrew Grimm, Digital Justice Foundation, Omaha, NE; Imran H. Ansari, Aidala, Bertuna & Kamins, P.C., New York, NY *on the briefs*). |
| **FOR DEFENDANTS-APPELLEES:** | JONATHAN D. DAVIS (Alyssa M. Pronley, Anthony C. LoMonaco *on the brief*), Jonathan D. Davis, P.C., New York, NY *for Donald McKinley Glover, II, Sony Music Entertainment, Young Stoner Life Publishing LLC, Kobalt Music Publishing America, Inc., DBA Songs of Kobalt Music Publishing, Theory Entertainment LLC, DBA 300 Entertainment, Atlantic Recording Corporation, WarnerTamerlane Publishing Corp., Ludwig Emil Tomas Göransson, & Jefferey Lamar Williams.* |
| | Ilene S. Farkas & Donald S. Zakarin, Pryor Cashman LLP, New York, NY *for Songs of Universal, Inc.* |
| | Alex Spiro & Paul B. Maslo, Quinn Emanuel Urquhart & Sullivan LLP, New York, NY *for Roc Nation Publishing LLC, DBA Songs of Roc Nation.* |

Appeal from a judgment of the United States District Court for the Southern District of New York (Marrero, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Emelike Nwosuocha wrote a song called "Made in America" and published it online in 2016. He claims that Appellees infringed his copyright with their own song "This is America" in 2018. Appellees moved to dismiss, and the district court granted the motion in full. It determined that Nwosuocha had not registered his copyright—a statutory prerequisite to suit under 17 U.S.C. § 411(a)—and that Appellees' song did not infringe Nwosuocha's copyright. Nwosuocha challenges both decisions on appeal. We affirm the district court on the issue of

Nwosuocha's registration and so do not reach whether Appellees' song is infringing. We assume the parties' familiarity with the remaining underlying facts, procedural history of the case, and issues on appeal.

We review a district court's grant of a motion to dismiss de novo. *See Alix v. McKinsey & Co.*, 23 F.4th 196, 202 (2d Cir. 2022).

Among other things, the Copyright Act protects "musical works, including any accompanying words" and "sound recordings." 17 U.S.C. §§ 102(a)(2), (a)(7). An applicant may seek copyright registrations for both a musical work and a sound recording of that work by submitting the recording to the Register of Copyrights along with Form SR. *See* 37 C.F.R. §§ 202.3(b)(1)(iv), (b)(2)(ii)(A); JA125-28 (Form SR). But the two copyrights, and their registrations, are distinct.

To sue for copyright infringement, a plaintiff must first obtain a copyright registration. *See* 17 U.S.C. § 411(a). Here, Nwosuocha registered the sound recording of his song but failed to register the musical work itself. His complaint does not allege that he attempted or intended to register more than a sound-recording copyright. But the only infringement claim he brings is for infringement of his musical work, not of his sound recording. He thus failed to satisfy section 411(a)'s registration requirement before bringing this suit.

Nwosuocha makes two arguments to the contrary. First, he points to 17 U.S.C. § 411(b), which says that a "certificate of registration" permits suit "regardless of whether the certificate contains any inaccurate information, unless—(A) the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and (B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration." Nwosuocha claims that his failure to register for a musical-work copyright amounts to filing an

application containing inaccurate information, so Appellees need to show that any inaccuracy was both knowing and material. But section 411(b) says nothing about applying for a registration in the wrong work—inadvertently or not. The plain language of that section refers to whether "any inaccurate information . . . was *included*," 17 U.S.C. § 411(b)(1) (emphasis added), not whether some *additional* information was *excluded*. And section 411(b) does not create a mechanism for retroactively expanding a copyright registration to material that is not otherwise registered.

Nwosuocha cites the Supreme Court's opinion in *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.* for the proposition that a registration cannot be judicially invalidated by a "mistake [of] labeling." Appellant's Br. at 36 (quoting 595 U.S. 178, 184 (2022)). But we do not invalidate Nwosuocha's registration. Rather, Nwosuocha's problem is that his copyright registration is simply for the wrong work—his sound recording rather than his musical composition. That distinction is important. It is the difference between forgiving technical mistakes in a copyright application and allowing applications to create registrations in material never mentioned. Nwosuocha could not have filed an application for one song and then expanded the registration to another by claiming that he meant to register both after the fact. He likewise cannot apply for only a sound recording and expand the registration to the underlying musical work.

Second, Nwosuocha claims that the distinction between a sound recording and a musical work is an administrative one imposed by the Register of Copyrights. The Register of Copyrights' "administrative classification of works has no significance with respect to the subject matter of copyright or the exclusive rights provided by [Title 17 of the United States Code]." 17 U.S.C. § 408(c)(1). But the distinction between a sound recording and a musical work is not just an administrative classification—it is created by statute. *See* 17 U.S.C. §§ 102(a)(2), (a)(7). And that statutory distinction is important because sound recordings and musical works are different artistic

works that can be copyrighted by different creators and are infringed in different ways.  *See* 17

U.S.C. § 114 (setting out the scope of rights in sound recordings).  Section 408(c)(1) thus cannot

expand Nwosuocha's registration because the classification he seeks to overlook is not merely an

administrative one.

    Finally, the district court dismissed Nwosuocha's complaint for the independently

sufficient reason that Appellees' song did not infringe Nwosuocha's.  We do not reach this issue

because we affirm the district court's dismissal on other grounds.

* * *

    We have considered Nwosuocha's remaining arguments and find them to lack merit.  For

the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court